MISSOURI REAL ESTATE & LOAN COMPANY, Respondent, v. ALBERT L. BURRI, Appellant.

Kansas City Court of Appeals, December 1, 1919.

TAX BILLS: General Tax: Lien: Priority. The lien of a subsequent general city tax is superior to the lien of a prior special tax bill issued by the city for public improvements.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen*, Judge.

Reversed.

*Spencer & Landis* for appellant.

ELLISON, P. J.—Plaintiff's action was instituted to enforce a lien of a special tax bill against lot 23, block 19, Brookdale addition, issued by the city of St. Joseph and dated January 20, 1916. There was a sale for delinquent taxes due the city, held on the 16th of November, 1916, following the issuance of the tax bill, at which defendant Landis purchased this lot and received from the City Treasurer, and *ex officio* collector, a certificate of purchase. Landis filed an answer setting up the claim that his lien being founded on general taxes levied for the support of the city was a superior lien to the tax bill, though subsequent in point of time.

For present purposes we may say that as between two or more tax bill liens, the last one, in point of time, is the superior, in point of claim for satisfaction. And the same is true between liens or general taxes due City or State. [Jaicks v. Oppenheimer, 264 Mo. 693; Construction Co. v. Ice Rink Co., 242 Mo. 241.]

But it will be noticed that the present is a contest between the lien of a subsequent general city tax levied for the support of the city government, and the lien of a prior special tax bill issued to a private party. They are both referable to the power of taxation, but they compose *two different classes*. Which is the superior?

Neither of the two cases just cited is like this. The first involved the question whether the lien of the last tax bill was superior to prior tax bills. The second involved the question, which was the superior lien, a prior deed of trust, or a subsequent tax bill. The decision in each was in favor of the superiority of the subsequent lien, but neither decides the case before us.

It must be conceded that a general tax which has primarily for its object the support of the government whereby the government may exist, and lives and property may be protected and the pursuit of happiness guaranteed, is of great dignity and more importance than a tax bill issued for public improvements. It is true that a general tax is frequently levied for public improvements. But it is not feasible to levy a special tax, of the nature here involved, for what we understand to be meant by the expression, "support of the government." We can subsist without the special tax, but no civilized government could be organized and maintained without the general tax. So we conclude that the general tax being first in vital importance should be allowed first place in the means of payment.

And this, we think, is more or less recognized in each of the cases cited above. As already stated, the point here was not involved in those case. Nevertheless, the discussion in those cases naturally covered a reference to the question we are now considering. The Jaicks case was decided by this court, but certified to the Supreme Court by reason for one conclusion being contrary to that of the St. Louis court of Appeals found in 150 Mo. App. 188. The Supreme Court took our view as expressed by TRIMBLE, J., who wrote the opinion. In that case (264 Mo. p. 700) Judge TRIMBLE said that: "It is true, general taxes are levied for the support of the government and in that sense general taxes are the more important of the two and ought to take precedence over special taxes, so that the lien of a general tax ought to be prior to a special tax, even though the latter be prior in point of time."

So it was said in McCullum v. Uhl, 128 Ind. 304, 308, that: "The lien of the State for taxes is paramount and is superior to the lien of the ditch assessment." In State v. Kilburn, 81 Conn. 9, it was held that a special sewer tax assessment by a city could not be given preference over a prior school fund mortgage *authorized by the State.* At the close of the opinion (p. 13) the

court in referring to special assessments, said: "They are imposed by authority of the State, and by a political agency of the State, which, so far forth, participates in the exercise of its sovereignty. But because a city to that extent shares in the privilege of a sovereign to command a preference over ordinary creditors, it does not follow that it can command it *as against the sovereign itself."* (Italics ours.)

Being satisfied that the lien for the subsequent general city tax is superior to the prior special tax bill, we reverse the judgment. All concur.