## SIMON GOOD v. JOSEPH JOHNSON, Appellant.

Division One, June 8, 1923.

1. **TAX-DEED: Subject to Unpaid Special Taxes.** Under the charter of Kansas City, a purchaser at a sale of real estate for delinquent city taxes by his tax-deed takes an absolute estate in fee simple subject to all unpaid special taxes and assessments which are liens thereon.

2. ———: ———: **Exception: Contractor's Tax-Bill.** The Charter of Kansas City provides that the purchaser at a sale of real estate for delinquent city taxes by his tax-deed takes an absolute title in fee simple "subject to all unpaid state, county and city taxes, general and special taxes or assessments which are liens thereon." *Held*, that this language permits of no exception, and includes tax-bills or special assessments issued to contractors in payment for the construction of a curbing or other public improvements in front of the lots.

3. ———: ———: **Impairment of General Taxing Power: Constitutional Inhibition.** Whether charter provisions declaring that a purchaser at a judicial sale of real estate to pay general city taxes by his tax-deed takes an absolute estate subject to "unpaid special

tax-bills and assessments" issued to contractors in payment for a public improvement, impair the necessary taxing power of the city, is a matter of local concern. Such provisions do not conflict with the Constitution, which nowhere declares that general city taxes shall be a lien of any kind upon real estate, and consequently such charter provisions cannot be held to be invalid because they make unpaid special tax-bills which are liens on the proper superior liens to unpaid general city taxes.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*Roland Hughes* for appellant.

(1) The statute gives a lien for general taxes on real estate superior to all other liens. R. S. 1909, sec. 11339; Finkelstein v. Baxter, 114 Mo. 493; Brown v. Brown, 124 Mo. 791; Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524; Getchell v. Kleider, 84 Mo. 472; R. S. 1909, sec. 11483. (2) The same lien is provided in favor of cities for general taxes. R. S. 1909, secs. 11516, 11517; Charter of Kansas City, sec. 19, art. 5, p. 227; Merriweather v. Overly, 228 Mo. 218; Construction Co. v. Ice Rink Co., 242 Mo. 254. (3) This lien takes precedence of all other liens, whether prior or subsequent. Stafford v. Frazier, 82 Mo. 293. (4) The general taxes levied for support of municipal government are superior liens on land to any assessments made to pay for local improvements. 37 Cyc. 1143, note; Rhorer v. Oder, 124 Mo. 24; Keating v. Craig, 73 Mo. 507; White v. Thomas, 91 Minn. 395; Ballard v. Ross, 38 Wash. 209, 880 Pac. 439; White v. Knowlton, 84 Minn. 141, 86 N. W. 755; Missouri Real Estate Co. v. Burri, 216 S. W. 570. (5) The charter must fit into the plan and purpose of the State laws. St. Louis v. Wortman, 213 Mo. 142; Kansas City v. Bacon, 147 Mo. 272; Hoag v. Ward, 186 Mo. 340; Mo. Constitution, art. 9, sec. 16 (last two lines);

Idem, art. 10, sec. 9; Kansas City v. Field, 270 Mo. 500; Williams v. Kansas City, 190 Mo. 480; St. Louis v. De Sorns, 268 Mo. 444. (6) The provision in Section 39, Article 5, of the Charter of Kansas City "subject, however, to all unpaid state, county, and city taxes, general and special taxes and assessments which are a lien thereon," has no reference to assessments for local improvements. If so construed it would be obnoxious to both the Constitution and laws of the State. Authorities supra. (7) The special assessments against property to pay for local improvements, evidenced by "tax-bills," are not taxes, either general or special, within the contemplation of the Constitution and laws. Morrison v. Mory, 146 Mo. 544; Farrar v. St. Louis, 80 Mo. 389; Sheehan v. Good Samaritan Hospital, 50 Mo. 157; Meier v. St. Louis, 180 Mo. 391. (8) It is beyond the power of the city to abdicate or surrender the power of taxation. United States v. New Orleans, 98 U. S. 381; State v. Railroad, 75 Mo. 208; Mo. Constitution, sec. 7, art. 10. (9) The only means the city has of collecting taxes on real estate is by selling the real estate, when the tax becomes delinquent. It is obvious that if owners and contractors can, for local improvements, burden the property to its full value with liens paramount to the city's liens for taxes, the city is then powerless to collect its taxes. (10) When the lien of the city becomes the subject of private ownership through a sale of the property, the purchaser from the city takes it with the city's right of priority over all liens for local assessments. White v. Thomas, 91 Minn. 395; 2 Page & Jones on Taxation Assessments, sec. 1069, and note.

*N. F. Heitman* and *Clarence S. Palmer* for respondent.

(1) The only authority of the City Treasurer to transfer the title of land from one person to another is the Kansas City Charter. The tax-deed executed by him can have only the effect prescribed by the charter.

Kansas City Charter, Art. 5, sec. 39; 37 Cyc. 1477; City of Rochester v. Kapell, 86 App. Div. 224, 83 N. Y. Supp. 640, 177 N. Y. 533; Gould v. St. Paul, 110 Minn. 324; City of Excelsior Springs v. Henry, 99 Mo. App. 450. (2) The interest conveyed by the tax-deed is expressly "subject, however, to all unpaid state, county and city taxes, general and special taxes or assessments which are a lien thereon." These "special taxes or assessments" include assessments for public improvements like curbing. Secs. 1, 2, 3, 4, 7, 8, 10, 11, 14, 16 and 23, art. 8, Kansas City Charter; Commerce Trust Co. v. Syndicate Lot Co., 208 Mo. App. 261. (3) The intention of the Kansas City Charter that the tax-deed should not cut out the rights of holders of special tax-bills for public improvements is emphasized by the provision that the holder of a certificate of purchase issued on a sale for general taxes may pay "any special tax or assessment tax-bill," and shall then be entitled to draw interest upon the amount so paid. No corresponding right of a holder of a special tax-bill to pay general taxes is given in the charter. Kansas City Charter, art. 5, sec. 33. (4) The argument *ab inconvenientienti* could be raised only by the city and the city is not complaining. (5) There is no violation of the Constitution. There is no attempt to make a special tax or assessment a superior lien to a general city tax. Full authority is given Kansas City to enforce its lien for taxes in court, and, in such a case, the judgment "shall have priority over all other liens and incumbrances." But, when the summary method of sale by the city is used, the effect of the sale and the deed may be prescribed by the charter, and no constitutional provision is violated thereby. Kansas City Charter, art. 5, secs. 48, 49; Jaicks v. Oppenheimer, 264 Mo. 693.

SMALL, C.—I. Suit on a special tax-bill issued to a contractor for constructing curbing in front of a certain lot in Kansas City, alleged in the petition to be owned by the defendant.

Defendant's answer set up that defendant was the owner of said property, under a city collector's tax-deed issued to him as the purchaser of said property at a sale thereof by said city for the delinquent city taxes of the year 1914, and that Section 39 of Article V of the charter of said city, providing that the title conveyed thereby should be subject to all unpaid special taxes and assessments which were a lien thereon, violates Section 16 of Article IX and Section 1 of Article X of the Constitution of Missouri.

There was no dispute as to the facts. Plaintiff's tax-bill for curbing was issued August 24, 1916, under an ordinance providing for the work, approved December 6, 1915. The city tax-deed to defendant was issued December 4, 1919, pursuant to a sale in November, 1914, for the delinquent city taxes of 1914. It was admitted by the parties that both the plaintiff's tax-bill and defendant's tax-deed were regular in form and substance, and issued in conformity to the charter of Kansas City.

The only question decided below and presented here is, whether defendant's tax-deed cut out plaintiff's tax-bill under the charter of the city and Constitution of the State. The lower court held it did not, and defendant has appealed.

II. As to the title the holder of such a tax-deed acquires: The Charter provides (Sec. 39, Art. V) that it shall be ''an absolute estate in fee simple, in the real property described therein, and shall convey Subject to Liens. all the right, title and estate of the former owner or owners, free from any and all incumbrances of whatsoever kind or nature, subject, however, to all unpaid state, county and city taxes, general and special taxes or assessments which are a lien thereon.''

As to tax-bills for public improvements, including tax-bills for curbing, the charter provides (Sec. 24, Art. VIII) that they ''shall be a lien upon the land described therein upon the date of the certification thereof to the City Treasurer, . . . and such lien shall continue

for two years thereafter but no longer," unless suit is brought thereon within two years, when it shall continue, until the legal proceedings are terminated.

Section 23 of Article VIII provides that "any and all special assessments, . . . whether arising out of the issuance of special tax-bills . . . or, . . . shall be considered for the purpose of collecting and receiving payment thereof, as special taxes against any lot or parcel of land against which the same may be a lien," etc.

Section 33, Article V, provides that the purchaser at a City Collector's tax sale "may pay . . . any special tax or assessment, tax-bill," etc.

Section 34, Article V, provides that the owner of the land sold for city taxes must, in order to redeem from the tax sale, repay the purchaser the amount so paid for "all other taxes, assessments or benefits," etc., with interest.

So that, it seems to us, it hardly admits of debate, that plaintiff's special tax-bill for curbing, was "a special tax or assessment" to which the city charter expressly provides the title acquired by defendant under his city tax-deed should be subject.

We rule this point against appellant.

III. But it is said there are certain "special taxes and assessments" imposed by the city and State and county for and belonging to the public itself to which the charter provision refers, and it does not include tax-bills or special taxes or assessments issued or made for the benefit of contractors doing public work. We do not so read the charter. It is not so limited. It says the title under such tax-deed is subject "to *all unpaid* state, county and city taxes, general and special taxes or assessments," without reference to whether they are imposed directly by the public for its benefit, or imposed by the city for the benefit of contractors to pay them for making public improvements. We rule this point against appellant.

*Exception: Contractor.*

IV. But, it is urged that the city cannot exist without general city taxes, and that to make special tax-bills a lien superior to the title acquired by a purchaser at a tax sale to collect general city revenue would make the tax-bill a superior lien to that of the city for its general taxes, and would thereby impair the necessary taxing power of the city, which cannot be authorized, even by a provision of the city charter. We do not take this view. There is no provision of the Constitution pointed out with which such a provision of the charter comes in conflict. Indeed, there is no constitutional provision that general city taxes shall be a lien of any kind against real estate. Whether they should be a lien, and the nature and character of such lien, and the nature and character of the title the grantee in a collector's tax-deed should acquire, was purely a matter of local concern, as to which the charter of Kansas City was paramount and controlling. [State ex rel. v. Field, 99 Mo. 352.] We rule this point against the appellant.

*Impairment of Taxing Power.*

We think the case was well tried by the learned lower court, and its judgment is affirmed. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.