THE STATE EX REL. MARION O. LAND v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—2 S. W. (2d) 616.

Court en Banc, February 4, 1928.

964

*W. B. Norris* for relator.

*Landis & Duncan* and *John C. Landis* for respondents.

GANTT, J.—Relator seeks to quash the record of the Kansas City Court of Appeals reversing the judgment of the Circuit Court of Buchanan County in the case of Marion O. Land, doing business as Land Construction Company v. Michael Costello and W. A. Landis. The facts are as follows:

On August 4, 1923, the city of St. Joseph issued two tax-bills to plaintiff against lots 3 and 4 in Block 29, St. Joseph Extension Addition to the city of St. Joseph. The bills were each for $215.16, for paving Highland Avenue abutting on said lots. On January 17, 1925, the city of St. Joseph sold the lots to Walter A. Landis for general taxes for the year 1924. It is admitted the paving was in accordance with the contract and specifications; that the bills are for the proper amount, and are in all respects regular and according to law. It is further admitted the general taxes were lawfully levied, were delinquent, the sale was in all respects regular and according to law, that the City Treasurer of St. Joseph on the day of the sale issued to Landis certificates of purchase in due form on payment by him of the amount bid for the lots, and that said certificates have not been redeemed.

Plaintiff sued in two counts to enforce the liens of the special tax-bills. Landis answered by general denial, and further answered that he purchased the lots at a sale duly and regularly held by the city of St. Joseph for delinquent general taxes for the year 1924 and prior years, received proper certificates of purchase, and that the title so obtained by him is in no wise affected by the lien of the tax-bills set forth in the petition, but is superior thereto.

The question for solution was the priority of the liens. The trial court, without a jury, held that under the charter of the city of St. Joseph, a city of the first-class, the lien of the special tax-bills, which attached August 4, 1924, took precedence over the lien for general taxes for the year 1924. Judgment was rendered for $291.17 against each lot. Defendant Landis appealed. The Court of Appeals gave priority to the lien for general taxes and reversed the judgment, citing Jaicks v. Oppenheimer, 264 Mo. 693, 175 S. W. 972; Const. Co. v. Ice Rink Co., 242 Mo. 241, 146 S. W. 1142; Mo. Real Estate & Loan Co. v. Burri, 202 Mo. App. 242, 216 S'. W. 570; Commerce Trust Co. v. Syndicate Lock Co., 208 Mo. App. 261, 232 S. W. 1055, 235 S. W. 150.

In the Jaicks case we only determined the question of priority between special tax-bills issued against the same land by authority of the charter of Kansas City. In the Construction Company case we only determined the question of priority between the lien of a special tax-bill and a prior deed of trust. The point here involved was not under consideration in those cases. In the course of the opinions we stated the general rule as follows: "A general tax which has primarily for its object the support of the government is of greater

dignity and more important than a tax-bill issued for public improvements, and, therefore, entitled to priority.'' The Court of Appeals disposed of the instant case by application of the general rule. It was held that charters of cities of the first-class contained no provision modifying or qualifying the general rule. In passing on the question, the court said:

''It is urged by plaintiff that such ruling is not in conformity with the opinion of the Supreme Court in Good v. Johnson, 299 Mo. 186, 252 S. W. 363. In that case the court was discussing and applying the charter of Kansas City, which expressly provided all tax-bills for special improvements shall vest in the purchaser thereof an absolute estate in fee simple in real property as described therein, and adds:

'' 'And shall convey all the right, title and interest of the former owner or owners . . . free from any and all encumbrances of whatsoever kind or nature subject, however, to all unpaid state, county and city taxes, general and special or assessments which are a lien thereon.'

''It is agreed, or, at least, not disputed, that the charter of St. Joseph contains no such provision as is found in the Kansas City Charter on this point. We hold that under the rulings in the Burri and Trust Company cases, above referred to, the judgment appealed-from should be reversed, and it is so ordered.''

Relator contends the last controlling decision of this court on the question is the case of Good v. Johnson, supra, and that the opinion of the Court of Appeals is in conflict with our decision in this case.

In the Good case we held that the qualified voters of Kansas City were authorized to determine the question of priority as between a lien for general city taxes and a special tax-bill issued by the city in payment of street improvements. We further held that the qualified voters of said city had fixed the priority in favor of the special tax-bill. In so ruling we fixed the rule for all cities having similar charter provisions relating to priority as between a lien for general city taxes and a special tax-bill issued by the city in payment of street improvements. In determining such a question of similarity in the instant case we do so without reference to an agreement of the parties as to the provisions of the St. Joseph Charter relating to the priority of such liens. If the opinion of the Court of Appeals conflicts with the principles ruled by this court in the Good case, then we have a conflict of opinions. Therefore, the contention that this court must have ruled on these provisions of the St. Joseph Charter before there is or can be conflict is untenable. With this understanding, we turn to the sections of the charters to determine the question.

The Kansas City Charter provides that the title conveyed to the purchaser at a sale for delinquent general taxes is an absolute estate

in fee simple, subject to *all unpaid state, county, and city taxes, general and special taxes or assessments* which are a lien thereon. [Sec. 39, Art. V, Kansas City Charter, 1909.]

The St. Joseph Charter provides that the title conveyed to the purchaser at a sale for delinquent general taxes is an absolute estate in fee simple, subject to *all unpaid taxes* which are a lien thereon. [Sec. 7731, R. S. 1919.] (Italics ours.) The interest of Landis in the lots by virtue of the certificates of purchase, subject to the right of the owner to redeem, is determined by the title to be conveyed to him by the city treasurer on the termination of such right of redemption.

It will be noted that the Kansas City Charter specifically names the unpaid taxes, the liens of which are given priority over the title conveyed for delinquent taxes, while the St. Joseph Charter uses only general terms in fixing such priority. If the general terms of the St. Joseph Charter cover the same unpaid taxes as the specific terms of the Kansas City Charter (and there is nothing to indicate that such was not the intention of the Legislature), then the same principles of law govern.

It is further provided in the St. Joseph Charter that before the owner of the land can redeem he must pay to the person holding the certificate of purchase or the deed the amount paid after the date of the certificate of purchase by such person in satisfaction of all state, county or municipal, general or special taxes. [Secs. 7723, 7726, 7733, R. S. 1919.]

These provisions of the charter are inconsistent with the idea that the purchaser at the tax sale acquires a title free from the liens of tax-bills. They permit the purchaser to protect his title by paying all special tax-bills outstanding against the land. If a purchaser at a tax sale acquires a title free from the lien of special tax-bills, there would be no reason for providing that he may pay outstanding special tax-bills. The Kansas City Charter has similar provisions providing for the payment of outstanding special tax-bills by the purchaser at a tax sale and providing that the owner of the land before he can redeem must pay to the purchaser the amount paid in satisfaction of all outstanding special tax-bills. [Secs. 33, 34 and 39, Art. V, Kansas City Charter, 1909.]

The provisions of the charters relating to the priority of the liens under consideration are almost identical, the opinion of the Court of Appeals is in conflict with the opinion of this court in the Good case, and its record should be quashed. It is so ordered. All concur,