WARREN, Respondent, v. BLACKMAN, et al, Defendants, and WESTERN SURETY CO., Appellant.

(250 N. W. 681.)

(File No. 7508. Opinion filed October 26, 1933.)

*Tom Kirby,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

ROBERTS, J.   Plaintiff brought this action to quiet title to certain premises situate in the city of Sioux Falls, asserting ownership under a tax deed issued by the treasurer of Minnehaha county pursuant to a tax sale held on December 16, 1929, for the unpaid general taxes for the year 1928.   The defendant Western Surety Company became the assignee of four certificates of special assessment; two of the certificates for the construction of a curb and gutter are dated November 10, 1928; and the other certificates for the construction of a sidewalk are dated November, 15, 1928. Certified copies of the assessment rolls were filed in the office of the city treasurer on the dates that the certificates bear.   The court found for the plaintiff, and expressly decreed that the assessment certificates "be and the same hereby are cancelled as liens upon said premises."   The defendant Western Surety Company appeals.

It is urged by the appellant that, under section 6794, Rev. Code 1919, the special assessments evidenced by the certificates held by the appellant became a "subsequent tax," and that, when the county in May, 1932, made an assignment of the tax sale certificate to the grantors of the respondent, the special assessments should have been paid in full by the purchasers, and, although they were not paid under this section as a "subsequent tax," they continued as prior liens.

Section 6794, Rev. Code 1919, provides as follows:   "The county treasurer is authorized at all tax sales made under the laws of this state, in case there are no other bidders offering the amount due, to bid off all or any real property offered at such sale for the amount of taxes, penalty, interest and costs due and unpaid thereon, in the name of the county in which the sale takes place, such county acquiring all the rights, both legal and equitable, that any purchaser could acquire by reason of such purchase:   Provided, that whenever any county shall acquire an interest in real property, or any rights with respect thereto, by reason of the same having been bid off in the name of the county as herein provided, such real property shall not be again advertised and sold for delinquent taxes so long as the county retains its interest in and rights to such real property; and provided, further, that all taxes subsequently

accruing against such real property, or that were unpaid at the time of such sale and a lien thereon but not included in such bid, shall be considered as 'subsequent tax,' and before the county can make an assignment of such interest in and rights to such real property, or before an assignment of the certificate of such sale is made, all such taxes must be paid in full, including the amount for which such real property was so bid off, unless a compromise thereof is made as permitted by law, in which case the amount at which such compromise is made must be paid."

Special assessments lawfully levied upon real property in any municipal corporation and general property taxes are by express provisions of statute made liens upon the property assessed. Section 6403 and 6758, Rev. Code 1919. The lien in each instance is declared to be perpetual "against all persons or bodies corporate, except the United State and this state," but neither is expressly given precedence over the other.

It has been held in other jurisdictions that the lien for general taxes is of a distinctly higher order than the lien of a special assessment, and will be construed as prior in the absence of a plain legislative declaration to the contrary. 61 C. J. 932; In re Dancy Drainage Dist., 199 Wis. 85, 225 N. W. 873; Continental & Commercial Trust & Sav. Bank v. Werner, 36 Idaho, 601, 215 P. 458; State v. Board of County Com'rs, 89 Mont. 37, 296 P. 1; Missouri Real Estate & Loan Co. v. Burri, 202 Mo. App. 242, 216 S. W. 570; Iowa Securities Co. v. Barrett, 210 Iowa, 53, 230 N. W. 528; Minnesota v. Cent. Trust Co. (C. C. A.) 94 F. 244. This court in Hughes County v. Henry, 48 S. D. 98, 202 N. W. 286, 288, said: "It may be seriously questioned whether the Legislature could lawfully make the lien of taxes subordinate." "Taxes," as distinguished from special assessments, however, was not under consideration. But we need not consider the authority of the Legislature to provide that a lien of taxes for general governmental purposes shall be inferior to, or equal with, special assessments or the rule that, in the absence of statutory provision, the lien of a general tax is superior, for the statutes of this state at least by implication recognize the superiority of such lien.

Section 6804 pertaining to the procedure for procuring a tax deed in part provides: "Such deed shall vest in the grantee an absolute estate in fee simple in such real property, subject, how-

ever, to all claims which the state may have therein for taxes, liens or incumbrances."

A tax title is not derivative. It is not the title of the person who has been assessed for the taxes and has failed to pay them, but is a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly excepted. 20 R. C. L. 401; Clark v. Zaleski, 253 Ill. 63, 97 N. E. 272; Petersborough Sav. Bank v. Des Moines Sav. Bank, 110 Iowa, 519, 81 N. W. 786; Hefner v. Ins. Co., 123 U. S. 747, 8 S. Ct. 337, 31 L. Ed. 309. Special assessments are not expressly excepted from the quoted provisions of section 6804, and a valid tax deed therefore extinguishes an existing special assessment lien unless special assessments are included within the term "taxes."

It is made the duty of the city auditor under the provisions of section 6402, Rev. Code 1919, as amended by chapter 187, Laws 1929, to certify to the county auditor prior to the 1st day of October all special assessments remaining unpaid which become due or delinquent on or before the 15th of September. Section 6797, Rev. Code 1919, provides that, whenever delinquent special assessments shall be certified to the county auditor, it shall be his duty to immediately certify the same to the county treasurer, and that delinquent special assessments shall be collected by the county treasurer by sale of the lots or parcels assessed at the next succeeding sale of real property for delinquent taxes. This section further provides that "sales of property made for the collection of delinquent special assessments shall be conducted in the same manner as other tax sales made by the county treasurer and the owners of the property so sold shall have the same length of time in which to redeem the same, and be entitled to the same notice before the issuance of a tax deed as in other cases of tax sales."

It was the law of this state prior to the enactment of chapter 49, Laws of 1905, that, whenever a special assessment for municipal improvements became delinquent, the city treasurer was authorized to sell the assessed property, and, upon the expiration of the statutory period of redemption, to issue a deed to the holder of the special assessment certificate. See sections 1313-1328, Pol. Code 1903. It was expressly provided in section 1325, Pol. Code 1903, that the deed issued by the city treasurer vested "in the grantee an absolute estate in fee simple in such land, subject, how-

ever, to all claims which the state, county or city may have thereon for taxes." The statute of 1905 merely provided a new agency for the sale of property for delinquent special assessments. The deed issued by the county treasurer still vested title to the assessed property subject "to all claims which the state, county or city may have had thereon for taxes." The revisers of the Code of 1919, however, did not incorporate this provision to the effect that a deed issued on sale of premises for delinquent special assessments shall be subject to general property taxes. From the foregoing it appears that in the statutory law of this state there has been a recognition of the priority of a lien for general property taxes, and, though there was no re-enactment in the Revised Code of 1919 as to the effect of a deed issued on a sale for special assessments upon other liens, it does not indicate an intention to place the liens under consideration on a par, and, especially in view of the fact that the Legislature has generally exhibited much discrimination in the use of the terms "taxes" and "special assessments," we do not believe it was intended by such omission that assessments for local improvements should be included within the term "taxes" as used in section 6804. We hold that a purchaser of a tax sale certificate from a county acquires a title upon procuring a valid tax deed barring and extinguishing special assessment liens, and that such purchaser cannot be required under section 6794 to make payment of special assessment liens. In view of this conclusion, other assignments of error need not be considered.

The judgment appealed from is affirmed.

All the Judges concur.