ASSOCIATED HOLDING COMPANY, RESPONDENT, v. MARIE L. CARRIGG ET AL.; CITY OF ST. JOSEPH, APPELLANT.—65 S. W. (2d) 1059.

Kansas City Court of Appeals. November 6, 1933.

*Kranitz & Duncan* and *Clarence S. Palmer* for respondent.

*John S. Boyer,* City Counselor, and *John P. Randolph,* Assistant City Counselor, for appellant.

BLAND, J.—This is a suit in two counts, seeking to foreclose the lien of two paving tax bills, issued by the defendant, city, on May 15, 1930, but now owned by the plaintiff. The suit was brought against the defendants as all parties having an interest in the title to the property against which the tax bills were issued. There was no defense made to the action by any of the defendants except the

city of St. Joseph. The defense of the city is that it has a lien superior to that of the plaintiff by reason of the fact that the property against which the tax bills were issued has been sold for delinquent city taxes for the years 1931 and 1932; that the city bid in the property and has not, as yet, issued any certificate of purchase. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiff. Defendant city has appealed.

It is agreed that the sole issue is whether the said special tax bills constitute a lien against the property in question superior to that of the lien of the city for its subsequent general taxes.

Article 2, Chapter 38, Revised Statutes 1929, among other things, provides a method of sale by the city treasurer of cities, such as St. Joseph, of property for city taxes; that such sales are made "for the payment of the total amount of all taxes and special assessments, interest and costs due and unpaid" (section 6207); that the city treasurer shall issue a certificate of purchase to the purchaser at the sale for the property (section 6218); that unless the property is redeemed within two years the treasurer shall make a deed to the property to the purchaser (section 6228); that if the property cannot be sold for the amount of all taxes, interest and costs, the city auditor, directed by the comptroller, shall bid it off for the city; that thereafter, when any person shall pay the city treasurer a sum of money equal to the amount of all taxes, interest and costs, including the cost of any suit that may be commenced thereon, for such property, the city treasurer shall give such person a certificate of purchase; that such certificate shall entitle such person to the same rights and privileges as if he had purchased the property at the tax sale (section 6215).

The statute also provides that the sale may be adjourned or discontinued and, where the sale shall be adjourned or discontinued or when the real estate has been bid off by the city, suit may be brought in the name of the city to enforce the collection of such taxes, general or special, interest, costs and penalties (section 6241); that the judgment obtained in such a suit *"shall have priority over all other liens or encumbrances"* (section 6243). (Italics ours.) In case the city bids in the property and some person should pay the treasurer the amount of the taxes, etc., the certificate to be issued to such person *"shall vest all the interest of the city in or to such real property in such person."* [Section 6215.] (Italics ours.)

Section 6220 provides for the redemption of the property by the owner or his agent at any time within two years or any time before the execution of the tax deed to the purchaser at the tax sale, by the payment to the city treasurer of the amount for which said property was sold with certain penalties; "and also the amount of all taxes, state, county or municipal, general or special, paid by the purchaser," etc.

Section 6228 provides that the deed to the property made to the holder of the certificate of purchase obtained either as a result of his buying of the property at the tax sale or receiving a certificate from the city where it has purchased the property, "shall vest in the grantee an absolute estate, in fee simple, in the real property described therein, free from any and all encumbrances of whatsoever kind or nature, *subject, however, to all unpaid taxes which are a lien thereon.*" (Italics ours.)

The general rule is that the lien of special tax bills for local improvements is inferior to that of general taxes where there is no provision to the contrary. [Jaicks v. Oppenheimer, 264 Mo. 693, 700; Commerce Trust Co. v. Syndicate Lot Co., 208 Mo. App. 261; State ex rel. v. Trimble, 2 S. W. (2d) 616, 617.]

After examining the sections of Article 2, Chapter 38, Revised Statutes 1929, we are unable to find where there is any provision giving superiority to the lien of special tax bills over that of general taxes. There is no case in this State similar to the one before us but plaintiff relies chiefly upon State ex rel. v. Trimble, supra, and Good v. Johnson, 299 Mo. 186, to support its contention. These cases decide no more than that, as between the holder of special tax bills and the holder of a certificate of purchase or tax deed for general taxes, the lien of the holder of the special tax bills is superior. The case of State ex rel. v. Trimble, involves the charter of the city of St. Joseph and is based upon the provisions of what is now section 6228 of the statute, which provides that the deed conveying the property to the holder of the certificate of purchase "shall be subject to all unpaid taxes which are a lien" on the property, it being the holding of the Supreme Court that by reason of this language of the statute the owner of the deed holds the property subject to unpaid special tax bills.

In view of this holding by the Supreme Court, it could be argued with some degree of plausibility that, if the holder of a certificate of purchase, even though he obtain it from the city by paying it the amount of taxes, interest and costs after the city had bid in the property for lack of bidders at the tax sale, and the lien of the holder of the certificate is inferior to that of the holder of the tax bills, then, the lien of the city in such a case, where no certificate has been issued, ought to be inferior to that of the holder of the tax bills. For if the city's lien, under the circumstances, were *superior* it ought to convey a superior lien to the person who gets the certificate from the city under such circumstances. But to hold it inferior it would be necessary to entirely ignore the provisions of section 6243 providing that where the city brings suit to enforce the collection of its taxes the judgment "shall have priority over all other liens or encumbrances." This provision of the statute evinces a purpose of giving the city, so long as it has failed to realize its taxes from any

other source, a paramount claim against the property for its demands. It is a similar clause, though conversely provided, relative to the title received by the holder of the certificate of purchase when he receives his deed, that is that, he takes title subject to all unpaid taxes which are a lien on the property (section 6228), that caused the Supreme Court in the case of State ex rel. v. Trimble, to declare the lien of the holder of the tax bill superior to that of the owner of the certificate of purchase.

Where the rights of the holder of the certificate of purchase and the owner of the tax bill are involved it is quite a different matter to favor one over the other in giving a superiority of liens and to favor either one at the expense of the public. The very nature of the whole proceeding is to insure the city the collection of its taxes and after this is done the framers of the statute saw fit to make the lien of the buyer of the certificate of purchase from the city subject to the lien of the holder of the special tax bill. If one desires to invest his money in a certificate of purchase, under such circumstances, that is his right. In other words, it seems to be the intent of the statute to insure the city, in any event, the collection of its taxes and, next, to give preference to the holder of its tax bills.

An examination of the statute seems to evince a purpose on the part of the Legislature to see to it that the city's taxes be paid, either by someone willing to bid in the property for such taxes and pay the same to the city and receive a certificate of purchase, or by the city bidding it in and, then, thereafter giving a certificate of purchase to any person who is willing to pay the taxes, and in the event this is not done, the city to bring a suit against all persons interested in the property for the taxes and obtain a judgment which shall be a lien superior to all other liens or encumbrances. There is no question but that it is intended that the city should not take title to the property, itself, but to the very end should attempt to transfer it on to some third party who is willing to pay the taxes, costs, etc. But that, in any event, the city's claim should be paid before any other.

So we not only find that there is no provision which changes the general rule that the lien of the city for general revenue purposes is superior to the lien of the holder of a special tax bill, but there is provision in the law to the contrary.

Plaintiff contends that section 6243 is no part of the law governing cities of the first class, such as St. Joseph, with the consent of its voters, has become. However, an examination of the whole law as originally enacted, governing such cities shows that section to be a part of it. [See Laws 1909, pp. 138, 192.]

The judgment is reversed. All concur.