STATE OF MISSOURI at the Relation of ASSOCIATED HOLDING COMPANY, Relator, v. HOPKINS B. SHAIN, FRANCIS H. TRIMBLE and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—73 S. W. (2d) 391.

Court en Banc, June 15, 1934.

*Kranitz & Duncan* and *Clarence S. Palmer* for relator.

*John S. Boyer, Richard S. Duncan* and *Francis A. Pickle* for respondents.

HAYS, J.—This is a proceeding in certiorari to review the opinion and decision of the Kansas City Court of Appeals in the case of Associated Holding Company, plaintiff (relator here), v. Marie L. Carrigg and the City of St. Joseph, defendants, reported in 65 S. W. (2d) 1059. The writ was sought on the alleged ground that the decision is in conflict with a previous controlling decision of this court rendered on a similar state of facts. The facts recited in said opinion are as follows:

"This is a suit in two counts, seeking to foreclose the lien of two paving tax bills, issued by the defendant city, on May 15, 1930, and now owned by the plaintiff. The suit was brought against the defendants as all parties having an interest in the title to the property against which the tax bills were issued. There was no defense made to the action by any of the defendants except the City of St. Joseph. The defense of the city is that it has a lien superior to that of the plaintiff by reason of the fact that the property against which the tax bills were issued has been sold for delinquent city taxes for the years 1931 and 1932; that the city bid in the property and has not, as yet, issued any certificate of purchase. The case was tried before the court without the aid

of a jury, resulting in a judgment in favor of plaintiff. Defendant city has appealed.

"It is agreed that the sole issue is whether the said special tax bills constitute a lien against the property in question superior to that of the lien of the city for its subsequent general taxes."

The opinion next refers to pertinent sections of the charter of the city of St. Joseph, found in Article 2, Chapter 38, Revised Statutes of 1929.

The charter provides a summary method of sale by the city treasurer of city property for taxes (Sec. 6207), the issuance by him of certificates of purchase to the purchasers at such sales (Sec. 6218), and the execution, after two years, of deeds to the purchasers unless the property shall have been redeemed in the interim by the owner (Sec. 6228). The charter provides also for the city auditor's bidding in the property for the city at such sales if it cannot be sold for the amount of all taxes, interest and costs; and further provides for the city treasurer's giving his certificate of purchase to any person who shall, in such interval, pay him a sum equal to the amount of all taxes, interest and costs, including the cost of any suit commenced thereon, for such property, such certificate entitling such person to the same rights and privileges as if he had purchased the property at the tax sale (Sec. 6215); in case the city shall bid in the property and some person should pay the treasurer the amount of the taxes, etc., the certificate to be issued to such person "shall vest all the interest of the city in or to such real property in such person" (Sec. 6215). The charter further provides that when real estate has been bid off by the city suit may be brought in the name of the city to enforce the collection of such taxes, general or special, interest, costs and penalties (Sec. 6241); and that the judgment obtained in such suit "shall have priority over all other liens or encumbrances." [Sec. 6243.]

On the facts stated and under the statutes referred to above the Court of Appeals held that the liens of the special tax bills in suit were inferior to the lien of the city for its subsequent general taxes and reversed the judgment of the trial court.

The relator contends that the decision of the Kansas City Court of Appeals is in conflict with State ex rel. v. Trimble, 318 Mo. 963, 2 S. W. (2d) 616, for the stated reason that the rights of the city of St. Joseph, after the city auditor had bid off the lots in question at the tax sale, were essentially the same as the rights of the holder of a certificate of purchase, whose rights in such a situation were held in the above case to be inferior to the rights of a holder of a special tax bill previously issued against the same land.

The relator stresses the latter part of Section 6215, to-wit: "Such certificate (of purchase) shall be assignable to the same extent and in like manner as certificates given to purchasers at tax sales, and

shall entitle such person to the same rights and privileges thereunder as if he had purchased the same at the tax sale,'' and insists that by this provision the rights of a person paying the taxes to the city after the land has been purchased by the city at the tax sale, are identical with the rights of a purchaser at the tax sale. The statute so provides. Relator further asserts that if a person had paid the city treasurer the taxes on the lots and become the assignee of the certificate this case would have been identical with the Trimble case, supra. This assertion also is correct. But the conclusion contended for, namely, that the city's interest was essentially the same as that of a certificate holder, is, we think, a *non sequitur*. It is based on the assumption that the city purchased the property, in the legal sense of the term purchase. It also treats as being without importance the circumstance that no person had paid the city the taxes and sought the issuance of a certificate of purchase, and that no actual sale of the property was made by the city to any purchaser. The argument proceeds: ''The essential identity of the case at bar with the former case is made conclusive by the provision of Section 6215 that 'such certificate so assigned by the city auditor shall vest all of the interest of the city in and to such real property in such person.''' By this process of reasoning the relator reaches the conclusion that if such purchaser would secure all the interest of the city, as the statute provides, then the city, prior to issuing a certificate of purchase could have no greater right than the right of such supposed purchaser from the city, and its claim for taxes must be subject to the claim of relator. To this we cannot accede. We held in the Trimble case that under the provisions of the St. Joseph charter the title conveyed to the purchaser at a sale for delinquent taxes is an absolute estate in fee simple subject to all unpaid taxes which are a lien thereon. The basic fallacy of the relator's position is in treating the transaction in question as a sale. No title passed by that transaction; essentially it was a withdrawal of the property from public sale. The title remained as before, in the record owner. Something further must needs be done to pass the delinquent owner's title. By force of the statute a mere power coupled with an interest was acquired by the city. The power was the authority to sell at private sale the property so withdrawn; the interest to be conserved by the city was the delinquent city tax with its incidentals. Unless and until the property should thus be sold, the taxes due the city paid, and a certificate of sale executed by the proper officer, the city's relation to the property, in respect of tax liens thereon, general or special, remained the same as before the withdrawal.

It seems that relator holds the view that once the city has undertaken to proceed to enforce the payment of delinquent taxes by the summary method under discussion, it must pursue that method to

the end, that is, dispose of the property in the manner provided in that form of procedure. The law does not so require. On the contrary the charter specifically provides elsewhere (Secs. 6241 and 6243) for the exact situation present in the case at bar, and this provision is *in pari materia* and perfect harmony with the statutory provisions hereinabove referred to and with those construed or applied in the Trimble case. Not being pertinent to the facts in that case, these sections were not considered. Section 6241 provides in part, we repeat, that "when any real estate has been bid off for the city, as before provided, . . . suit may be brought in the name of such city to enforce the collection of such taxes," etc., "in any court of competent jurisdiction," etc.; and Section 6243 provides, in part, "The judgment for taxes, interest, costs and penalties thereon shall have priority over all other liens or encumbrances." The city could not be deprived of this remedy by the bringing of the action now at bar.

We conclude that the lien of the city of St. Joseph is superior to the special liens of the relator upon the property in suit and that the opinion of the Kansas City Court of Appeals in its holding to the same effect in nowise conflicts with our decision in State ex rel. v. Trimble, 318 Mo. 963, 2 S. W. (2d) 616. Our writ should be quashed. It is so ordered. All concur.