COLLECTOR OF REVENUE OF JACKSON COUNTY, MISSOURI, v. PARCELS OF LAND Encumbered With Delinquent Tax Liens: COMMERCE TRUST COMPANY, Trustee Under the Last Will and Testament of WALKER HICKMAN, Deceased, Appellant.—No. 39920.—205 S. W. (2d) 568.

Division Two, October 13, 1947.

Motion for Rehearing or to Transfer to Banc Overruled, November 10, 1947.

*Maurice J. O'Sullivan* and *John G. Killiger, Jr.,* for appellant.

1134

*John F. Thice, James E. Campbell, Henry H. Fox, Jr.,* and *H. Coyne Law* for respondent.

WESTHUES, C.—This case was argued and submitted on January 21, 1947, and an opinion was adopted on April 21, 1947,

affirming the judgment. A motion for rehearing, filed by respondent, was sustained and the case reargued at the September Session, 1947. In the motion for rehearing respondent stated we had misinterpreted the meaning of the trial court's judgment. Appellant filed an additional brief at this hearing.

This is a proceeding commenced August 16, 1945, by the Collector of Revenue of Jackson County, to foreclose liens for delinquent land taxes pursuant to the provisions of the "Land Tax Collection Act." Laws 1943, page 1029, Mo. R. S. A., 1946, Cumulative Annual Pocket Part, Sec's. 11201.1-11201.53. The Commerce Trust Company, as trustee under the will of Walker H. Hickman, intervened in the suit alleging that it owned and held as a part of the estate four certificates of purchase and six tax deeds for general city taxes, delinquent prior to 1940. Intervener prayed that the amount of all the liens be ascertained and their priorities determined. By its judgment the trial court found the amounts due and determined the priorities of the liens. Intervener appealed. Numerous parcels of land were being foreclosed and therefore the judgment and decree were in general terms.

The only question in dispute on this appeal pertains to the judgment as to priorities. The decree as to that question reads as follows:

"First. The liens of the tax bills for general taxes of the State of Missouri, County of Jackson, City of Kansas City, Missouri, and for the school district in which said land is situated, levied and assessed for the same tax year, after November 22, 1943, are equal and first liens upon the real estate described herein, and the liens of such tax bills for the latest year mentioned herein shall take priority over the liens of tax bills levied and assessed for the less recent years, and the lien of such general tax bills shall rate in priority in the order of the years for which they are delinquent, the lien of the tax bill longest delinquent being junior in priority to the lien of the tax bill for the next most recent year

"Second. The liens of tax bills for general taxes of the State of Missouri, County of Jackson, City of Kansas City, Missouri, and for the school district in which said land is situated, levied and assessed prior to November 22, 1943, are equal liens upon the real estate described herein regardless of the year of issue, and are junior to the liens of general tax bills issued after November 22, 1943.

"Third. The liens of general tax bills, levied and assessed prior to November 22, 1943, for which certificates of purchase or tax deeds have been issued and which are owned by persons other than the taxing authorities, are junior to the liens of all other general tax bills."

We will consider paragraph three and if we find it to be correct we need not consider paragraphs one and two. Let us apply the rule stated by paragraph three to a specific situation. For example: Suppose appellant holds a certificate of purchase issued pursuant to de-

linquent taxes on lot (a) for the year 1938. In this proceeding the collector seeks to foreclose liens for tax bills issued for the years 1936, 1937, 1939 and 1940. We will suppose that when lot (a) is sold it will bring an amount sufficient to pay the taxes for four years and no more. Under the court's decree the money would be used to discharge the tax bills issued and held by the city for the years 1936, 1937, 1939 and 1940. Appellant, holding a certificate of purchase for a tax bill issued for the year 1938, would not be paid anything and the lien would be lost or foreclosed. Also, if there were any tax liens against lot (a) held by other taxing authorities for taxes for the year 1938, other than represented by the certificate of purchase, they too would be prior to the liens of the certificate of purchase. For example, if the certificate of purchase was issued for city taxes then the county and state taxes remaining unpaid for the same year would constitute liens superior to the lien represented by the certificate of purchase. The lien of the certificate of purchase would be junior to the liens of tax bills of the various taxing units for the reason that the court decreed liens for all general taxes to be superior to plaintiff's lien as a holder of a certificate of purchase.

█ Appellant says the rule announced is erroneous. It is urged that this proceeding was instituted by the taxing units pursuant to the Act of 1943, supra; that the act, and in particular the latter portion of Sec. 4, places a █ holder of a certificate of purchase on a parity as to priority with the taxing authorities. That portion of the section reads as follows:

"The holders of tax sale certificates, certificates of purchase, or tax deeds, issued by any municipality, shall be on a parity as to priority of liens and shall have the same rights as the taxing authorities holding or owning general tax bills for the same tax year, and may in like manner foreclose their liens under this Act."

If the 1943 Act is applicable to taxes assessed prior to the enactment of the law then appellant is correct. Appellant in its brief states its position as follows:

"Respondent taxing authorities and not the Appellant assert that priorities of all general tax liens prior to the effective date of the Act are controlled by former statutes as construed in State ex rel. McGhee v. Bauman, 349 Mo. 232, 160 S. W. 2d 697; Associated Holding Company v. Shain, 335 Mo. 474, 477, 73 S. W. 2d 391, 393; and State ex rel. Land v. Trimble, 318 Mo. 963, 2 S. W. 2d 616, 617, 618. These cases construed prior statutes which do not now govern the priorities which the Circuit Court should have but refused to decree according to the plain mandate of the 'Land Trust Collection Act.' Appellant accepted and claims the priorities and parity offered by the 1943 Act. It does not assert an unlawful impairment of former vested rights which under the above opinions it might have properly claimed if it

had not elected to forego them for the substituted rights offered under the 1943 Act.''

Prior to the 1943 Act tax liens for various years were on an equality basis as to priority. See Spitcaufsky v. Hatten, 353 Mo. 94, 182 S. W. (2d) 86, 1. c. 106 (49); State ex rel. McGhee v. Baumann, 349 Mo. 232, 160 S. W. (2d) 697, 1. c. 699 (1). By Sec. 6 of the 1943 Act liens for taxes most recently assessed take priority over liens for taxes assessed in previous year. Appellant relies upon Secs. 4 and 6. It is urged that by virtue of Sec. 4 the liens of a certificate of purchase are placed on an equality with the taxing authorities' lien for the same year and that Sec. 6 makes the liens for taxes of the various taxing units for the same year rank equally but in reverse order by years, the last being first. This would mean, applying the rule to our specific case above stated, that the money obtained in the sale for lot (a) would first be used to pay the taxes for the year 1940; then 1939, then appellant's lien as evidenced by the certificate of purchase for taxes for the year 1938. The city would lose its lien for taxes for the year 1936. Appellant says respondent has no right to complain of this because a taxing unit has no vested rights. Note appellant's brief:

''Respondents furthermore may not vicariously complain of impairment of constitutional or vested rights for others (16 C. J. S., p. 163, Sec. 76, p. 178, Sec. 85) where they possess none. Political subdivisions of a state may not ordinarily challenge the validity of a legislative Act (16 C. J. S. 168, Sec. 76). Having proceeded under the Act and claimed its benefits, they may not challenge the validity of portions which may be deemed burdensome (16 C. J. S. 182, Sec. 89).

*''No rights or priorities of general tax liens are involved here excepting those of taxing authorities and those owned by appellant.''*

Respondent, however, does not claim that the act is unconstitutional or that its provisions have changed the priorities of liens as they existed prior to 1943. Respondent contends the priority provision and the parity provision must be applied prospectively only. The constitutionality of the act was before this court in the Spitcaufsky case, supra. This court en banc, in an opinion by Ellison, J., considered every phase of the act as to its constitutionality. One of the questions presented for decision was whether the act, particularly Sec.'s. 4 and 6 which changed the rule as to priorities of liens, was unconstitutional. After reviewing this question at length this court said in 353 Mo. 94, 182 S. W. (2d) 86, 1. c. 106 (45-48): ''So we uphold respondents' contention as to the priority of unpaid special tax liens protected by Sec. 377, Art. 12 of the Kansas City Charter, as against tax deeds and certificates of purchase. It would be a clear violation of vested rights to reverse the priorities as to these. But the respective priorities of tax liens is a matter for

legislative determination. And the priority provisions of the 1943 Act may be treated as operating prospectively, and applying only to tax certificates, deeds and special tax liens issued after it became effective.''

Appellant, however, says that no interest of anyone entitled to complain would be impaired in this case if the provisions of the act as to priority and as to parity were applied. Conceding for the sake of argument that the taxing authorities have no right to complain in case the legislature changes a rule as to priorities of tax liens, we cannot apply the law as operating prospectively in one case where rights are violated and as acting retroactively in another where no such rights are involved. The law must be uniformly applied and this court en banc held that the priority and parity provisions operated prospectively only.

Again appellant says in its brief:

''Appellant's complaint is not retroactive impairment of rights by the 1943 Act, but the refusal of the court to decree priorities as the Act plainly directs. Appellant concedes that in accepting the privilege granted by the State, it is estopped to question the constitutionality of the exchange offered by the Act in lieu of its former rights (16 C. J. S., p. 187, Sec. 89).''

We do not see any former rights that appellant forfeited or which have been waived. Under the ruling of the Spitcaufsky case all of the rights had by a holder of a certificate of purchase prior to 1943 were preserved, none taken away and none added. as to priorities of liens. Again, take our specific case for illustration. When the certificate of purchase as to lot (a) was obtained the holder thereof was entitled to a deed to the lot after five years provided the owner of the lot did not redeem it within that time. However, unless the holder of the certificate paid all taxes assessed previous to 1938 and also paid the taxes subsequently assessed, the taxing authorities could foreclose their lien and refuse to issue a deed for the lot unless the holder of the certificate paid all taxes due whether assessed before or after 1938. It was expressly so held in State ex rel. McGhee v. Baumann. See 349 Mo. 232, 160 S. W. (2d) 697, l. c. 700 (5). This ruling is also in harmony with the Kansas City Charter, Sec. 377, which provides that a deed executed pursuant to a certificate of purchase shall be subject to all unpaid taxes. In this case suppose appellant, the holder of the certificate of purchase for the taxes assessed in 1938 against lot (a), did not protect the certificate by paying the 1936, 1937, 1939 and 1940 taxes. It would thereby lose its lien. Therefore, the holder of that certificate is no worse off than if the 1943 Act had not been enacted.

Appellant's position, as we see and understand it, simply means this: When the taxing authorities invoke the 1943 Act to foreclose tax liens the act applies in its entirety as against the taxing

authorities, and the priority provisions contained in Sec. 6 and the parity provisions in Sec. 4 must be held to act retrospectively as well as prospectively. This, as said above, would be contrary to the ruling in the Spitcaufsky case. We hold, therefore, that the rule of law as declared by the trial court in paragraph three above quoted is correct. As applied to our specific case it means that the lien of the certificate of purchase as to lot (a), issued for taxes for the year 1938, is junior to the liens of all other general tax bills held· by the taxing authorities whether assessed prior to 1943 or thereafter. This ruling is in harmony with the Spitcaufsky case.

Appellant says that if the act. as to priorities operates prospectively only, then we must hold that the circuit court had no jurisdiction to adjudicate appellant's liens. To this we cannot agree. After reading the act carefully we have concluded that the primary purpose of the legislature was to establish a more convenient and efficient manner of collecting delinquent taxes. Note that all taxing units must file tax bills, delinquent four or more years, with the county collector. The collector then forecloses and is authorized to sell the land to the highest bidder and by deed convey good title. See Sec's. 16 and 28 of the act. Note also the mandatory wording of Sec's. 7 and 8. .By Sec. 8 the taxing authorities were required to file with the county collector, within thirty days after the act took effect, all tax bills delinquent four years or more. Sec. 7 required the collector to ·file, suit, within one year after the act took effect, to foreclose all tax bills filed with him by the various taxing units. These sections of course were applicable to taxes delinquent prior to 1943. We must rule the point against appellant.

We believe that our ruling fully disposes of the contentions made by appellant and respondent as to the facts presented on this appeal and that we therefore need not discuss paragraphs one and two above quoted. To do so and to apply them to the facts .at hand would be repetition. The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by *Westhues, C.,* is ad-. opted as the opinion of the court. All the judges concur.