KRUSE, Appellant, v. STATE et al., Respondents

(38 N. W.2d 925.)

(File No. 9013. Opinion filed August 23, 1949.)

**Harry J. Eggen,** De Smet, for Plaintiff and Appellant.

**Sigurd Anderson,** Atty. Gen., and **W. O. Knight,** Asst. Atty. Gen., for Rural Credit Board, etc., Defendant and Appellant.

**Ralph A. Dunham,** State's Atty., of Clark County, Clark, for Defendant and Respondent.

SMITH, P.J.   The primary question presented for decision by this appeal is whether the lien of a rural credit real estate mortgage in favor of the State of South Dakota, for which provision is made by SDC 55.32, is superior to the lien of assessments for benefits from drainage levied on the property in proceedings instituted under SDC 61.10 subsequently to the recording of the mortgage.

In November 1919 Gust Johnson and Anna Johnson, husband and wife, owners of the southeast quarter of section 13, township 113, range 57, Clark County, South Dakota, executed a mortgage to the State of South Dakota to secure a rural credit loan of $5800  This mortgage was recorded in the office of the register of deeds of Clark county November 14, 1919.   In December 1921 proceedings were commenced under SDC 61.10 to establish a drain, and in February 1922 the assessments for benefits were duly filed in the office of the auditor of Clark county, and, according to the contention of the county, the drainage proceeding as a whole created a valid lien upon the real estate above described in the sum of $1876.10. Subsequently, proceedings in foreclosure of the state's mortgage were had in accordance with law and sheriff's deed was delivered to the state as of October 6, 1934. In February 1940 the state conveyed to plaintiff, Matthew Kruse, by warranty deed.   Thereafter plaintiff brought this action against Clark county, the state, and others, and pray-

ed judgment that he be decreed to be the owner of the real estate free and clear of the lien of certain unpaid installments of the above described drainage assessment. After trial judgment was entered decreeing plaintiff to be the owner of the real estate, subject to the lien of Clark county for described installments of the drainage assessment with accrued statutory interest and penalty. The plaintiff and the state of South Dakota have appealed. As indicated, the primary contention of the appellants is that the lien of the state's mortgage was senior to the lien of the county's drainage assessments, and that the foreclosure of the mortgage relieved the land of the lien of the drainage assessments.

The statute in force at the time of the creation of the lien for the assessment, § 8464 Rev. Code 1919, carried forward as SDC 61.1008, provides as follows: "From the time of filing such certified copy of assessment in the treasurer's office, the same shall be due and payable and shall be valid and perpetual liens upon the respective tracts so assessed against all persons or governments except the state and the United States * * *."

Rephrased our question is whether the foregoing language reveals a legislative intention to exalt a subsequently created lien for drainage over a pre-existing valid rural credit mortgage lien. The problem must be considered in the light of certain of the pronouncements of this court.

In Hughes County et al. v. Henry et al., 48 S. D. 98, 202 N. W. 286, 288, a county and a school district sought by mandamus to compel the South Dakota Rural Credit Board to redeem from tax sale certain property within the county and school district on which it held a rural credit loan. The contention was that the permission granted to the board to pay taxes gave rise to an imperative duty to make the redemption. In the course of its decision upholding this view this court said: "While we might be inclined to assent to that doctrine except as to items that are clearly subordinate to the lien of the mortgage or in which the interest of the public is not involved, yet we think it unnecessary in the present case to decide that the lien of the taxes is superior to the lien of the mortgage. We think the duty

of the board to pay taxes, permission being given, may safely rest upon the broad ground of the right of self-preservation of the state and of its governmental subdivisions, the county, township, and school district. Without the collection of revenue neither the state nor its governmental subdivisions can function. * * * If the lien of the taxes is superior to the lien of the mortgage, there is a clear duty on the part of the board to pay the taxes when they become delinquent. If the liens of the taxes and of the rural credit mortgage are co-ordinate and of equal rank, then the duty of the board to pay the taxes is none the less clear, for it would not be seemly for one arm of the state to take a position, unless clearly authorized so to do, that would tend to embarrass the functioning of the state government. It is only in case the Legislature has clearly designated the lien of the mortgage to be superior to the lien of taxes that the board could be said to be absolved from the duty of paying delinquent taxes on the lands covered by its mortgage loans. * * *"

Then in response to a contention that sections 6758 and 6804, Rev. Code 1919, made the lien of taxes subordinate to the lien of the rural credit mortgage, the opinion continues:

"Section 6758 says: 'Taxes upon real property shall be a perpetual lien thereon against all persons and bodies corporate, except the United States and this state.'

"That clause makes the lien of taxes on real estate superior to other liens except as against the United States and this state. Miller v. Anderson, 1 S. D. 539, 543, 47 N. W. 957, 11 L. R. A. 317. But that language does not make the tax lien subordinate to the state's mortgage lien. **It merely provides that the tax lien is not superior to the mortgage lien.**" (Emphasis supplied.)

Then at a later point in the opinion this court concludes, 48 S. D. at page 106, 202 N. W. at page 289.. **"We are therefore satisfied that the Legislature has not attempted to make the lien of taxes subordinate to the lien of rural credit mortgages."** (Emphasis supplied.)

The foregoing are the premises on which this court rested its holding that the Rural Credit Board was under an

imperative duty to pay delinquent taxes on lands covered by a rural credit mortgage. The premises upon which a court's decision rests are as authoritative as its holding. Murray v. Roberts, 2 Cir., 103 F.2d 889; Hughes County v. Henry, supra, is therefore authority for the proposition that the lien of general taxes is neither superior nor subordinate to the lien of a rural credit mortgage.

In passing we note that the foregoing conclusion was strengthened by the holding in State v. Board of Commissioners of Beadle County, 53 S. D. 609, 222 N. W. 583, that the state acted in a sovereign capacity in making loans through the South Dakota Rural Credit Board.

We turn now to the decision in Warren v. Blackman, 62 S. D. 26, 250 N. W. 681. In that action to quiet title the question was whether the lien of special assessments for municipal improvements under certificates dated in November 1928 survived the delivery of a tax deed pursuant to a tax sale held in December 1929 for unpaid general taxes for 1928. The statute providing for the lien of the special assessment there under consideration, § 6403, Rev. Code 1919, reads: "All special assessments lawfully levied upon real property in any municipal corporation are a perpetual lien thereon as against all persons or bodies corporate, except the United States and this state, from the date of the filing of the certified copy of the assessment roll * * *." The equivalence between this provision and that of § 8464, Rev. Code 1919, quoted supra, dealing with drainage assessments will be noted, and it will be observed that there is no substantial difference between their provisions and those contained in § 6758, Rev. Code 1919, quoted supra, dealing with the lien of general taxes.

After reviewing certain statutes this court said, 62 S. D. at page 30, 250 N. W. at page 683, "From the foregoing it appears that in the statutory law of this state there has been a recognition of the priority of a lien for general property taxes, and, though there was no re-enactment in the Revised Code of 1919 as to the effect of a deed issued on a sale for special assessments upon other liens, it does not indicate an intention to place the liens under consideration on a par,

54

and, especially in view of the fact that the Legislature has generally exhibited much discrimination in the use of the terms 'taxes' and 'special assessments', we do not believe it was intended by such omission that assessments for local improvements should be included within the term 'taxes' as used in section 6804." The holding of that case was that the tax deed conveyed a title which extinguished the lien of the described special assessments.

In connection with the reasoning and holding of Warren v. Blackman, supra, we note the language of § 8464, Rev. Code 1919 as follows: "The provisions of chapter 7, 8, 9, part 9 of this title shall apply to the enforcement of the lien of the lien of drainage assessments so far as such provisions are applicable, except that a treasurer's deed issued upon a delinquent drainage asessment shall recite the fact that the **title conveyed is subject to all the claims which the state or any political subdivision thereof may have thereon for annual taxes.**" (Emphasis supplied.) In recognition of the legislative intention so clearly revealed by this quoted statute, and in harmony with Warren v. Blackman, supra, we hold that the lien of drainage assessments is inferior to the lien of general taxes.

It being established by Hughes County v. Henry, supra, that the liens of general taxes and a rural credit mortgage are co-ordinate, and it appearing from the clear provision just quoted from § 8464, Rev. Code 1919, SDC 61.1008, that the lien of general taxes is paramount to the lien of an assessment for drainage, it follows that the lien of the drainage assessments held by Clark county was inferior to the lien of the described pre-existing rural credit mortgage.

The case of State v. Day County, 64 S. D. 370, 266 N. W. 726, wherein it was held that the foreclosure of a rural credit mortgage had not extinguished the lien for certain drainage assessments, is urged upon us. In that case, although the assessment for benefits from the drainage had not been filed, the drainage proceedings were pending when the rural credit loan was made and the mortgage taken. This court presumed that the drainage assessment had been

taken into consideration by the board, and affirmed the trial court on the theory that, in making the particular loan, the board exercised the power expressly granted by subdivision 3, § 10159, Rev. Code 1919 to make loans and take as security for the same, farm lands subject to nondelinquent drainage assessments. This court made reference to this express special power in Hughes County v. Henry, supra, 48 S. D. 103, 202 N. W. at page 287, in words as follows: "The plain inference therefrom is that the mortgage lien in such case is subject to the lien of the assessment, but that for the purpose of definition of what is a first mortgage such a mortgage shall be deemed a first mortgage." We do not deem the decision in State v. Day County, supra, as either controlling or of significance in determining the priority between the liens under consideration at bar.

■ Pursuant to its statutory power, cf. Section 14, Ch. 187, Laws of 1927, the Rural Credit Board foreclosed its mortgage by advertisement. It is elementary that in the absence of statute to the contrary, or of equitable circumstances, a sheriff's deed resulting from a regular foreclosure under a power of sale conveys a title free and clear of liens or encumbrances junior to the mortgage thus enforced. 59 C. J. S., Mortgages, § 592, p. 1014. No express provision of statute perpetuates the lien of Clark county's drainage assessments beyond such a completed foreclosure of a rural credit mortgage. No reason grounded either in law or public policy has come to our attention which would justify a failure to apply the general rule. We therefore hold that the lien of the drainage assessments held by Clark county on the property in question was extinguished by the foreclosure of the rural credit mortgage held by the state.

In view of the foregoing, other matters assigned need not be considered.

The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment as prayed in plaintiff's complaint.

All the Judges concur.