# WHEELING.

EXCHANGE BANK OF VIRGINIA VS. HALL ET ALS.

1873.
JuneTerm. | 6
65 | 447
692

THE EXCHANGE BANK OF VIRGINIA PLAINTIFF IN THE ACTION AND IN ERROR *against* ROBERT PORTER, THOMAS M. HARRIS AND CYRUS HALL, DEFENDANTS IN THE ACTION AND ERROR.

Decided July 15th, 1873.

## SYLLABUS.

The failure of a plaintiff to take any steps towards maturing a cause against a defendant, beyond the entrance of a common order, for eleven years, there not being, during that period, even an order of continuance, and no appearance, for some years, of the case upon the docket of the court, is a discontinuance of said cause.

The case is stated in the opinion of the Court.

*Boggess* for Plaintiff in error.

*Sands* for Defendants in error.

1873.
June Term.

Exchange
Bank of Va.
v.
Hall et als.

PAULL, Judge.

The record in this cause is exceedingly imperfect, owing, it is alleged, to the loss of the original papers. It recites, that the plaintiff, the Exchange Bank of Virginia, sued out of the office of the county court of Gilmer county, a writ and summons in debt, against Robert Porter &c., returnable to January rules 1857, and that said summons and writ are lost.

The record further recites, that in the clerk's office of said county, in January 1857, the following rule was taken, and entered, in said cause; Summons executed on Harris, Nar. filed and common order *vs.* him, *alias* summons *vs.* the other defendants, and which Nar., and *alias* summons are lost. Again the record recites, that on the first Monday in February 1857, the following rule was taken and entered in said cause; Common order confirmed *vs.* Harris; common order *vs.* the other defendants; and that at the February term of said court, in the year 1857, a judgment was entered against Thomas Harris for $564,94, with the interest, as therein recited. The record then recites, that in June 1868, the Plaintiff sued out an *alias* summons against Robert Porter, Thomas M. Harris and A. Cyrus Hall, to appear &c., and answer the plaintiff's plea of debt &c. At rules held in the clerk's office, in August 1868, the summons being returned executed, said Hall appears and files a plea of abatement. To this plea the Plaintiff replied generally, but at the term of the court held in October 1868, the Plaintiff moved the Court to reject said plea, which was accordingly done, and thereupon the Defendant moved the Court to grant the writ in this cause. At the same time, the Plaintiff having obtained leave of the Court, on filing the affidavit of the clerk of the Court that the original writ, declaration and note, being part of the record in this cause, were lost, filed a new declaration, complaining of Cyrus Hall and others.

1873.
June Term.

Exchange
Bank of Va.
v.
Hall et als.

At the August term, 1870, of the Circuit Court of said county, the defendant, Cyrus Hall, moved the Court th this cause, as to him, be discontinued, which motion was granted; the Court considering that by reason of the chasm appearing in the proceedings as to defendant Hall, that a discontinuance of said cause has occurred as to him, and ordered that no further proceedings be had against him in' this cause. And to this action of the Court the Plaintiff excepts. An agreed statement of facts appears in the record, containing some of the foregoing particulars, and agreeing further, that it does not appear, from the rule or appearance book or otherwise, that any *alias* or other writ, against said Hall, issued in this cause after January rules 1857, until the *alias* summons, which issued in June 1868, and which was returned executed. It is further agreed, that it does not appear, from the rule or appearance book of the Court, that any notice of or continuance of said cause, as to said Hall, at rules, was taken or had after January rules 1857, until August rules 1868 ; except that a common order was entered against Porter and Hall at February rules 1857, and no further appearance of the said cause at rules thereafter ; and that after February term 1857, no continuance on said docket was had thereafter as to the said other defendants, Porter and Hall, or that said cause appeared thereafter on said docket of the Circuit Court until August rules 1868.

Under the statement of facts here presented, as appearing upon the record and in the agreement, there was unquestionably a discontinuance of this cause. The original writ and summons were sued out on the 30th day of December 1856, returnable to January rules 1857, and a common order was entered against Cyrus Hall, the party now appearing and making defence, at February rules·1857. Beyond the entrance of this common order against this Defendant, it does not appear

55

that any proceedings were ever taken against this Defendant, until the *alias* summons was issued on the 29th day of June 1868, a period of more than eleven years. During all this period there was no order of continuance as to this Defendant, no other steps taken, nor did the cause appear thereafter upon the docket of the Circuit Court until August rules 1868. In practice, the chasm or interruption in the proceedings ·occasioned by the failure of the Plaintiff to continue the suit regularly from time to time, as he ought, is a discontinuance. 3 Blackst. Com., 296 ; Bouvier's Law Dictionary, title Discontinuance. This is literally true in the present case. But it is said that the appearance of defendant Hall, and his filing a plea of abatement after service of the *alias* summons in June 1868, was a waiver of all former irregularities in the proceedings. It will be observed, however, that after this plea was filed, there were other irregularities, such as the Plaintiff replying generally to this plea, and afterwards moving the Court to reject it, which was done ; and again, the Defendant then moved to quash, at the same term, this *alias* summons, as I understand it from the record, but it is said afterwards in the record, that the Defendant's motion to dismiss the *original* writ is overruled. Moreover, when this motion for a judgment of discontinuance was made, at the August term 1870, it was submitted by the parties, on the agreed statement of facts, to which reference has been made, and in which there is no allusion to any proceedings in the cause after the *alias* summons of June 1868. It is most manifest that the judgment of the Court was asked, touching the proper decision of that motion for a discontinuance, simply and alone upon the facts presented in the agreed statement, without regard to the subsequent proceedings, including the *alias* summons issued in June 1868 ; and in this view of the case, the judgment of the Court, upon that motion, was clearly right. And this renders any further notice of these pro-

ceedings unnecessary, as not properly arising for adjudication.

The judgment of the Circuit Court is affirmed, with damages and costs to the Appellee, Cyrus Hall.

HAYMOND, President, and HOFFMAN and MOORE, Judges, concur in the foregoing opinion.