STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Respondent, *v.* FREDERICK WERNER, Appellant.

**March 1, 1881.**

A sale of land, and a deed thereof, made by the collector in 1876, for the taxes of 1875, does not divest the State of its lien for the unpaid taxes of a previous year.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

Broadhead, Slayback & Haeussler, for the appellant, cited: *Preston* v. *Van Gordon*, 31 Iowa, 250.

King & Chapin, for the respondent, cited: *McLaren* v. *Sheble*, 45 Mo. 130 ; *The State ex rel.* v. *Heman*, 70 Mo. 441 ; *Einstein* v. *Gay*, 45 Mo. 62.

Bakewell, J., delivered the opinion of the court.

This action was brought under the provisions of the revenue law of 1877, to enforce against the lot described in the plaintiff's petition the lien of the State for back taxes of 1871, and to collect such back taxes by sale of the lot under judgment and execution.

The defendant, against the objection of plaintiff, was permitted to introduce evidence tending to show that this land was, in October, 1876, sold by the collector under a judgment for the taxes of 1875, to one Heffernan, and a collector's deed executed and delivered to one Sachleben, as assignee of Heffernan. This deed is dated November 4, 1878, and sets forth that the collector, in consideration of the facts recited in the deed, and of $23, the amount of the penalty, taxes and costs, and interest, assessed against the land for 1875, and by virtue of the statute, does grant, bargain, and sell to Sachleben, as assignee of Heffernan, the tract in question, *habendum* to him and his heirs, subject to the right of redemption provided by law. Defendants also showed that they acquired the premises from Sachleben by deed of general warranty.

This cause was tried by the court, and there was a finding and judgment for the plaintiff. The judgment was right, and should not be disturbed, unless it is to be held that the collector's deed to Sachleben divested the State of its lien for the back taxes of 1871. This is the only question which this record presents for our consideration.

The statute creating the lien provides that " the lien shall continue and be in force until all taxes, forfeitures, back taxes, and costs shall be fully paid, or the land sold or

released as provided in the act." Wag. Stats. 1872, p. 1170, sect. 60.

There is no pretence that these taxes have been paid, nor that the lands have been released as not subject to assessment, or for double assessment, or for error, which are the cases provided by the act. It does not appear that they were ever sold for the taxes of 1871; such a sale would have involved a payment of these taxes. It is admitted that the premises were forfeited or sold to the State for the taxes of 1871. But this forfeiture did not vest the title to the lands in the State, but only gave a lien, or rather kept up for the State its lien for these taxes. *The State ex rel.* v. *Heman*, 70 Mo. 441; *s. c.* 7 Mo. App. 420.

The deed to Sachleben was made in the form given in the revenue law. Wag. Stats. 1205, sect. 217. The act provides that such a deed " shall vest in the grantee, his heirs and assigns, the title to the real estate therein described;" but it does not say that the title shall vest discharged of all liens of the State for prior taxes. On the contrary, the statute is express that the lien shall continue in force until the taxes are paid or released. It is manifestly not the meaning of the law that a sale for the taxes of one year, in which the consideration must be the taxes, penalty, or interest for that year, shall discharge the lien of unpaid taxes for former years. Stress is laid by counsel for appellant upon the use of the words " grant, bargain, and sell," in the deed given by the collector, according to the form prescribed in the act; but it is manifest that the statutory covenants cannot be implied from the use of these words in a collector's tax-deed. Neither the State nor the collector, at the time of the sale, is seized of an estate in fee-simple in the real estate conveyed; nor is the State to be supposed to covenant for further assurance.

We are referred to *Preston* v. *Van Gorder*, 31 Iowa, 250. It is there held that a sale of land for taxes under the law of Iowa in force in 1860 frees it, in the hands of

the purchaser, from all liens for delinquent taxes for prior years.    But we are not concerned with the revenue law of Iowa, which expressly provided that the sale must be for all taxes unpaid, and that the deed shall convey all the right and claim of the State, as appears from the opinion referred to.    The statutory provisions in the two States are quite dissimilar, and the case is not in point.

We think the judgment should be affirmed, and it is so ordered.    All the judges concur.