F. M. Weaver, Respondent, v. Miner D. Woodling, Appellant.

Kansas City Court of Appeals. May 25, 1925.

1.—Judgment—Process—Judgment Rendered upon Alias Summons Issued at Term Succeeding Term in Which Original Summons Was Returned Non Est Held Void. Where alias summons was issued during subsequent term to that in which original writ was returnable, a default judgment rendered thereon was void, because of plaintiff's failure to renew summons at term to which original summons was returned **non est,** thereby working discontinuance of case and being insufficient upon which to confer jurisdiction.

2.—Process—Process Must be Regularly Continued from Term to Term to Prevent Discontinuance of Case. Process must be regularly continued from term to term, and if a hiatus is permitted to intervene between successive processes, it will operate as a discontinuance of case.

3.—Same—Alias Writ Cannot be Treated as Beginning of a New Suit. Alias writ is not beginning of a new suit, since section 1182, Revised Statutes 1919, provides that suit shall be commenced by first filing petition, whereupon the issuance of process follows.

---

*Corpus Juris-Cyc. References: Judgments, 33CJ, p. 1090, n. 67; Process, 32Cyc, p. 445, n. 15, 16, 17.

Appeal from the Circuit Court of Jackson County.—Hon. James H. Austin, Judge.

REVERSED.

*S. C. Jacobsen* for respondent.

*Clyde Taylor* for appellant.

ARNOLD, J.—This is an appeal by special order of this court granted to defendant under the provisions of section 1474, Revised Statutes, 1919, from a default judgment against him in the circuit court of Jackson county, Mo., in the sum of $1749.45, in favor of plaintiff.

The question presented arises on the face of the record proper. It is contended by defendant that at the time said judgment was entered the suit had been discontinued; the process was void, defendant was not in court; that the court was without jurisdiction and that the judgment therefore was a nullity.

The record discloses that plaintiff is a certified public accountant and that defendant, Miner D. Woodling, was doing business as Miner D. Woodling Heating & Ventilating Company. The petition was filed July 28, 1922, returnable to the September (1922) term of the Jackson County Circuit Court, and charges that defendant is indebted to plaintiff in the sum of $1755 for professional services as per an itemized statement thereto attached, as an exhibit. Upon the petition so filed a summons was issued and returned *non est*. No *alias* and *pluries* summons was issued during the September (1922) term of the court.

On January 3, 1923, being the November term, an *alias* summons was issued returnable to the March term, and return was made thereon January 4, 1923. No court entry appears of record until September 18, 1923, when judgment by default was entered, defendant not being present or represented by counsel. At the May term (1924) of the court defendant filed his motion to set aside said default judgment, alleging as grounds therefor that defendant had not been served and the court was without jurisdiction of the person of the defendant because (a) the return of the sheriff is void on its face; (b) the *alias* summons was improperly issued, not being issued at the term of the court to which the original writ was returnable; (c) because plaintiff permitted a chasm in the proceedings to occur by failure to continue the process regularly from term to term until service was had, thereby discontinuing his cause of action, and (d) that there was no cause of action pending at the time said default judgment was rendered; and (e) because said *alias* summons was void since it was not issued pursuant to any order of the court or other lawful authority.

On August 2, 1924, the court made and entered of record an order overruling said motion to set aside the default judgment; to which ruling defendant duly excepted. On August 11, 1924, this court by special order duly allowed defendant an appeal to this court, of which order plaintiff had due and timely notice.

The question decisive of all the issues raised in this appeal is whether or not the failure of plaintiff to sue out successive writs from term to term worked a discontinuance of the case by operation of law, thus rendering the judgment void. There is no dispute as to the facts.

The first point for consideration is whether the failure of plaintiff to renew his summons from term to term works a discontinuance

of his case. It is the general rule that process must be regularly continued from term to term and "if a *hiatus* is permitted to intervene between successive processes, it will operate as a discontinuance. An *alias* should be tested at the return of the original and should be made returnable at the next ensuing term." [20 Encyc. of Pl. & Pr. 1078.]

It should be remembered that the original summons was issued returnable to the September (1922) term, and was returned *non est.* No effort was made by plaintiff to test an *alias* during that term. In the meantime the November term intervened, thus constituting a chasm or *hiatus* in the process and at the succeeding term, to-wit, the November (1922) term, plaintiff asked an *alias* summons which was issued returnable to the March term, 1923. We think the failure of plaintiff to seek an *alias* summons during the original return term operated as a discontinuance of his case. Many cases are found in other jurisdictions holding to this effect. In Bank v. Hall, 6 W. Va. 447, 450, it is held:

"In practice the chasm or interruption in the proceedings occasioned by the failure of plaintiff to continue the suit regularly from time to time as he ought is a discontinuance." [See, also, Penniman v. Daniel, 91 N. C. 431.]

The reason for the rule is obvious. A plaintiff, after filing his petition, might wait indefinitely and then bring the defendant into court pursuant to an *alias* summons, after his witnesses were dead or his proofs lost or destroyed, and obtain judgment upon claims not founded in justice, and the practice thereby becomes a means of injustice and oppression. Courts could not sanction a practice so fraught with mischief, unless it were so long and clearly established as to have the force of positive law.

A case directly in point is found in Hazlehurst v. Morris, 28 Md. 67 (1868), quoted in 40 Cent. Dig. 2568, and it is there said:

"Where a summons is returned by the sheriff '*tarde*' it must be regularly renewed from term to term until served to keep the action alive; and an omission to make such renewal will operate as a discontinuance."

Our attention has not been directed to any case in Missouri on all fours with the case at bar. But the principle enunciated in the citations above from other states was declared in Pitkin v. Flagg, 198 Mo. 646, and we think is controlling. In that case Scotland county had two terms of court per year, February and August. The suit was brought returnable to the February term. Service was served as to some of the defendants and *non est* as to others. During the term no *alias* summons was taken as to the *non est* defendants and at the succeeding (August) term, plaintiff filed a motion for *alias* summons for them. The court overruled the motion and refused

to issue the *alias* sought and dismissed the case as to them on the ground that failure to take out the *alias* writ at the return term worked a discontinuance.

We must hold therefore that plaintiff's cause was discontinued at the end of the September (1922) term, being the original return term, because of plaintiff's failure to take an *alias* during that term. Such a discontinuance ended the jurisdiction of the court and any action taken thereafter in respect to the issuance of an *alias* summons was without effect. There was then no cause pending. [Mason v. Railroad, 226 Mo. 212, and cases therein cited.] Under the ruling in that case there is no escape from this conclusion.

It was held in Wetmore v. Crouch, 188 Mo. 647, 654: "It has practically been held that the word 'nonsuit' in the section involved means any judgment of discontinuance or dismissal whereby the merits are untouched." [See, also, Mason v. Railway, supra.] Plaintiff's position in this respect seems to be that the issuance of an *alias* writ is, in effect, the beginning of a new suit. We have carefully read plaintiff's argument on this point and examined the authorities therein cited, but they are not convincing. There are some states wherein the courts hold that an *alias* writ may be treated as the beginning of a new suit, but these are states wherein an action is begun by the issuance of a writ in the first instance, the petition, or complaint, being filed later. But this rule cannot apply in this State where the suit is begun by filing a petition and the issuance of process follows. [Sec. 1182, R. S. 1919.]

For the reasons above stated we hold that the action of the court in overruling defendant's motion to set aside the default judgment was error. The judgment is reversed.

*Bland, J.,* concurs; *Trimble, P. J.,* absent.