HENRY McGREW, RESPONDENT, v. E. J. CARR ET AL., DEFENDANTS, COMMERCE TRUST COMPANY, APPELLANT.*

Kansas City Court of Appeals. July 1, 1929.

*Corpus Juris-Cyc. References: Limitations of Actions, 37CJ, Section 482, p. 1056, n. 80; Municipal Corporations, 44CJ, Section 3416, p. 807, n. 69.

*A. E. Watson* for respondent McGrew.

*Daniel C. Kitchen* for respondent Carr.

1232

W. D. *Bush* and *Clarence S. Palmer* for appellant.

*Clyde Taylor* filed brief *amicus curiae*.

JOHNSON, S. J.—This was an action brought in the Circuit Court of Jackson County, Missouri, at Kansas City, on November 19, 1925, by respondent, Henry McGrew, to enforce the liens of four special tax bills issued by Kansas City on November 26, 1923, against four tracts of land in Kansas City, Missouri, which land, at the time the action was brought, was owned by the respondent E. J. Carr. The Standard Investment Company and the Commerce Trust Company were made parties defendant, the plaintiff alleging that their rights, if any, were inferior to his rights under the special tax bills held by him. The Standard Investment Company and the Commerce Trust Company held special tax bills issued by Kansas City against some or all of the four tracts in question. These companies filed separate answers and cross-petitions describing the tax bills held by them and alleging the liens thereof to be superior to those held by the plaintiff and praying the court to so decree. During the pendency of the action the respondent Smith J. Figley acquired title to the land .affected by the tax bills from the respondent Carr and was made a party defendant.

On January 6, 1921, the Commerce Trust Company filed a suit in the Circuit Court of Jackson County, Missouri, at Kansas City, to enforce the lien of four special tax bills held by it which had been issued against the land in question by Kansas City on June 27, 1919, in which action the then record owners of the property described in the bills were made parties defendant. Summons was duly issued by the clerk of the court, returnable to the next term thereof and the sheriff returned the summons so issued *non est* as to all of the defendants.

The tax bills sued on in that action provided that they should constitute a lien against the land therein described for two years after the date thereof and that suit must be brought to enforce the liens thereof within said period.

On December 27, 1923, the Commerce Trust Company filed suit in the Circuit Court of. Jackson County, Missouri, at Kansas City, to enforce the lien of four additional special tax bills issued by Kansas City against the land in question on July 29, 1919, naming as defendants the then record owners of the property described in the tax bills. The clerk of the circuit court duly issued summons thereon, returnable to the next term of court. The sheriff made a *non est* return thereon at the next term of court as to all of the defendants.

The tax bills sued on in that action were each payable in four equal installments beginning June 30, 1920, and provided that the lien thereof should continue for one year after the maturity of the last installment.

No further effort was made by the Commerce Trust Company in either of these cases to procure service upon the defendants. No further process was issued and none of the defendants appeared. The cases remained upon the docket, and with the exception of the general order of continuance made at the end of each term by the court in all cases therein pending, no order was made in either of these cases.

In its answer and cross-petition filed in the case at bar, the Commerce Trust Company set out the tax bills described in these two actions, alleged the filing of said suits and asked to have the tax bills declared liens upon the land described in the plaintiff's petition which was the same property described in the tax bills held by the Commerce Trust Company.

The validity of the special tax bills held by the plaintiff McGrew and the defendant Standard Investment Company was not questioned. The only contention against the validity of the special tax bills held by the Commerce Trust Company was that they were barred by limitation, it being urged that the failure to have *alias* summons issue each term in the suits brought to enforce the liens of these tax bills by the Commerce Trust Company until service was finally obtained, operated as a discontinuance of the actions as a matter of law.

The learned trial court found the tax bills held by McGrew and the Standard Investment Company to be valid liens against the property in question. However, following the decision of this court in the case of Weaver v. Woodling, 220 Mo. App. 970, 272 S. W. 373, it held the failure of the Commerce Trust Company to sue out an *alias* writ each term after the sheriff had returned the original writs *non est* to be an abandonment of the actions brought by it to enforce the liens of the special tax bills held by it; that the same were barred by limitation and were therefore unenforceable. From this decree the Commerce Trust Company has appealed to this court.

The Supreme Court of Missouri in the recent case of Ferber v. Brueckl (decided May 18, 1929, but not yet reported), has expressly overruled the case of Weaver v. Woodling, supra, and the pronouncement therein that it is necessary to sue out an *alias* summons each succeeding term until service is obtained upon the defendants in order to prevent the discontinuance of a cause, is no longer the law. In the Ferber case the rule is announced that where there is a *non est* return upon an original summons it is not necessary for the plaintiff, in order to keep the suit alive, to sue out successive writs of summons

at interval terms, until the writs can be served. It follows, therefore, that the ruling of the trial court in the case at bar that the tax bills held by the Commerce Trust Company were barred by limitation was error.

The filing of the petitions to enforce the liens of the special tax bills held by the Commerce Trust Company within the time prescribed tolled the limitation. [State ex rel. Brown v. Wilson, 216 Mo. 215, 115 S. W. 549; McGrath v. St. Louis, K. C. & C. R. Co., 128 Mo. 1, 30 S. W. 329; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811.]

Inasmuch as the validity of the tax bills held by the Commerce Trust Company was not questioned in any other particular, it follows that they constitute liens upon the land therein described. However, the tax bills held by respondents McGrew and Standard Investment Company having been issued at a later date than those held by the Commerce Trust Company, constitute prior liens, it being the rule, with respect to the priority of tax bills liens in this State that "The first shall be last and the last shall be first." [Jaicks v. Oppenheimer, 264 Mo. 693, 175 S. W. 972.]

This judgment is reversed and the cause remanded with instructions to enter a decree in conformity herewith. All concur, except *Trimble, P. J.,* absent.