STATE OF MISSOURI at the relation of DAVID H. McGHEE, Relator, v. WILLIAM F. BAUMANN, Collector of Revenue of the City of St. Louis.—No. 37900.

STATE OF MISSOURI at the relation of OLIVER L. BECKER, Relator, v. WILLIAM F. BAUMANN, Collector of Revenue of the City of St. Louis.—No. 37902.—160 S. W. (2d) 697.

Court en Banc, March 10, 1942.

Rehearing Denied, April 3, 1942.

*Philip C. Wise, Sam Levin* and *E. H. Wayman* for relator McGhee.

*Dubail, Judge & Winter* for relator Becker.

234

*James A. Waechter* and *Donald Gunn* for respondent.

CLARK, J.—These two cases involve a construction of certain phases of the Jones-Munger Act. (Laws of 1933, p. 425, now part of Article 9, Chapter 74 of the Revised Statutes for 1939; Mo. Stat. Ann., pp. 7980-8012.) Legal questions are the same in both cases, each case being an original proceeding in mandamus to compel the Collector of the City of St. Louis to deliver tax deeds conveying certain

real estate to relator as the holder of certificates of purchase issued by the collector pursuant to sales for delinquent taxes in November, 1937. The sales were for delinquent taxes for the years 1930 to 1937, both inclusive. All the real estate had been offered at two previous sales, in 1935 and 1936, without any sufficient bids being received. Late in the year of 1941, more than two years after the sales in November, 1937, no person having offered to redeem any of the parcels, each relator tendered to the collector all delinquent and unpaid taxes on the tracts for the years 1937 to 1941, both inclusive, and demanded deeds. The respondent collector refused to execute and deliver deeds unless relators would also pay delinquent taxes for the year 1929, and earlier years, in some instances running as far back as 1914.

Case No. 37900 involves nineteen separate tracts. The record shows that suits were filed to enforce the lien for delinquent taxes on these tracts in various years, the earliest suit shown being in November, 1917, and the latest being in December, 1931. The record also shows that judgments were rendered in some of these suits in the years 1923, 1927 and 1932.

Case No. 37902 involves four separate tracts. The record shows tax suits were filed in various years, the first being in 1918, and the last in 1930, but does not show whether or not the suits were reduced to judgment.

In each case the relator claims: that taxes are superior liens in the reverse order of their accrual and, therefore, by the express wording of the Jones-Munger Act, a sale for taxes forecloses the lien · for all years prior to the year or years for which the sale is made.

The Jones-Munger Act, enacted in 1933, repealed certain statutes which provided for the collection of taxes on real estate by suit and substituted a method of advertisement and sale without suit. The Act, at the time of the sales involved in this case, was applicable to the entire state, including the city of St. Louis.

Section 9957 (Laws of 1933, page 438, now sec. 11149, R. S. 1939) provides that if no person shall redeem the land within two years from the sale the collector shall execute a conveyance to the purchaser, "which shall vest in the grantee an absolute estate in fee simple, subject, however to all claims thereon for unpaid taxes except such unpaid taxes existing at time of the purchase of said lands and the lien for which taxes was inferior to the lien for taxes for which said tract or lot of land was sold. . . ."

Section 9957c (now sec. 11152, R. S. 1939) provides "Every holder of a certificate of purchase shall before being entitled to apply for a deed . . . pay all taxes that have accrued thereon since the issuance of said certificate, or any prior taxes that may remain due and unpaid on said property, and the lien for which was not foreclosed by sale under which such holder makes demand for deed."

Relators concede that this court has never expressly held that liens for general taxes are superior in the reverse order of their accrual, but say we have so held as to special taxes and have recognized the same rule to apply to general taxes, citing: Jaicks v. Oppenheimer, 264 Mo. 693, 175 S. W. 972; Drainage District v. Sheppard, 320 Mo. 341, 7 S. W. (2d) 1013; McGrew v. Carr, 223 Mo. App. 1231, 21 S. W. (2d) 640.

In Jaicks v. Oppenheimer, supra, this court, en banc, held that the lien of a tax bill for street improvement against property assessed with benefits is superior to tax bills previously issued for prior improvements. That was the only question decided. The opinion was by Judge BOND; two judges concurred; one judge concurred in the result, and three judges dissented. Judge BOND's opinion said that the power to levy special assessments for improvements is referable to the taxing power; that there is no essential difference between such special assessments and general taxes, and "that the rules of reverse priority applicable in the collection of successive general taxes necessarily apply to the collection" of such special assessments. The opinion did not give any authority or reason for such a rule of reverse priority as to general taxes.

In Little River Drainage Dist. v. Sheppard, supra, the opinion states: "The general rule is that the priority of general tax liens is in the reverse order of their accrual. That is, the latest tax lien is paramount to a prior lien," citing Jaicks v. Oppenheimer, supra. However, that statement is pure obiter for no such question was in the case, the question decided being that a sale for general taxes did not foreclose the lien for drainage taxes where the drainage district was not a party to the tax suit.

In McGrew v. Carr, supra, the Kansas City Court of Appeals held that, as between special tax bills issued, at different dates, the bills last issued constitute prior liens.

The St. Louis Court of Appeals, in State ex rel. v. Werner, 10 Mo. App. 41, and the Kansas City Court of Appeals, in Excelsior Springs v. Henry, 99 Mo. App. 450, 73 S. W. 944, have both held that the sale for general taxes for one year does not divest the State of its lien for the unpaid taxes of a previous year.

In other states the courts are in disagreement on this question. Apparently there are some good reasons for the rule and some strong arguments against it, one of the latter being the temptation for land owners to let taxes become delinquent for years and then procure a sale for the taxes for the latest year free and clear from the taxes for prior years. It is generally recognized that the question is primarily one of statutory construction. [26 R. C. L., sec. 361, p. 404.]

Section 11109, Revised Statutes 1939, Mo. Stat. Ann., p. 7982, declares a lien on real estate in favor of the State for general taxes. Section 11206 declares a lien in favor of the State for city, town

and school taxes, "the same as for state and county taxes." By Section 11207 the lien of the State for city taxes was assigned to the cities. (See history of these and other statutes in State ex rel. v. Nolte, 345 Mo. 1103, 138 S. W. (2d) 1016.) The wording of these sections indicates that the lien for general city, town and school taxes is on an equality with the lien for general state and county taxes and that is the general rule. [26 R. C. L., page 404, sec. 361.] But under existing Missouri statutes we do not believe we are authorized to hold that the lien for general taxes takes precedence in the reverse order of accrual.

█ Outside the city of St. Louis, under the Jones-Munger Act, sales for State and county taxes are made by the county collector and sales for city taxes are made by the city collector under a different advertisement. One purpose of Sections 11149 and 11152 evidently is to prevent a sale by the county collector from destroying the lien for city taxes and to prevent a sale by the city collector from destroying the lien for state and county taxes, both liens being on an equality. Section 11152 requires the purchaser, before receiving a deed, to pay prior unpaid taxes, but, as the county collector is not authorized to receive city taxes and the city collector is not authorized to receive state and county taxes, Section 11149 makes the deed subject to such unpaid prior taxes as the collector is not authorized to collect. That is, the deed of the county collector is subject to prior unpaid city taxes and the deed of the city collector is subject to prior unpaid state and county taxes. The city of St. Louis, being both a city and a county, the same officer would there collect all the prior general taxes, state, county and city, before delivering the deed.

█ Section 11152 requires the purchaser to pay "prior taxes . . . the lien for which was not foreclosed by sale." Strictly speaking, the only taxes "foreclosed" by the sale are the taxes for which the sale is made, but in a broader sense the liens of all taxes which are inferior to that of the taxes for which the sale is made are also foreclosed or destroyed by the sale. The sale under the Jones-Munger Act is a proceeding in rem intended to be binding on all persons interested in the property, whether as owner or lien holder. Section 11163, Revised Statutes 1939, provides that any person who has a lien by mortgage "or otherwise" may █ pay taxes and add the amount to his lien. Section 11145 provides that, after the sale and within the period of redemption, any person "having an interest" may redeem. Under Section 11152 all inferior liens would be destroyed by the sale and under Section 11149 the collector's deed would not be subject to such inferior liens.

█ In 1939 the General Assembly made certain changes in the Jones-Munger Act by the enactment of Section 11130, Revised Statutes 1939. [Mo. Stat. Ann., pp. 7995-8000.] One of the relators argues that this section is a legislative interpretation of the original Act. We

do not think so. Section 11130 repeals and re-enacts Section 9953a of the original act. The new section provides that upon the third successive sale there is no period of redemption and the purchaser is entitled to a deed upon the payment of subsequent taxes only. Sections 11149 and 11152, which were applicable to all sales, whether on the first, second or third offering, at the time the sales were made in the instant cases, and are still applicable to sales on the first and second offering, were left unchanged by the 1939 revision. The 1939 revision made several changes in the original act, one important change being the provision in Section 11130 that upon the third successive sale no redemption period should be allowed. Also by Section 11131 it was provided, for the first time, that the county or city can protect itself by bidding in the property, on the third sale. Taking all the changes together, we think the Legislature understood and intended in the original act that the purchaser should pay prior taxes upon any tax sale, and by the 1939 revision intended to change the law only as to the sale on the third offering.

One of the relators has filed a reply brief in which the argument is made that the law contemplates that the collector shall sell to discharge *all* the taxes due on the land at the time of the sale. But Section 11168 gives the collector the discretion of collecting, by the methods prescribed in the old law, all taxes in suit or in judgment at the effective date of the new law. He is not required to dismiss such suits and include such taxes in a sale under the new law. Yet it is his duty to collect such taxes before he delivers a deed pursuant to a sale for taxes under the new law. Even as to taxes becoming delinquent after the effective date of the new law, we think the Legislature contemplated that some such taxes might be omitted from a tax sale and, if so, the purchaser must pay them before receiving a deed. Surely the language in Section 11152 requiring the purchaser to pay "any prior taxes that may remain due and unpaid on said property, and the lien for which was not foreclosed" by the sale, means something. It means that some general taxes, which had become due prior to the issuance of the certificate of sale, might be omitted from the advertisement. We think the Jones-Munger Act does contemplate that the collector shall include all delinquent taxes in the sale, but we also think if he fails to do so the State's lien is not lost, at least up to the time he delivers his tax deed. The Kansas Supreme Court, under a tax law somewhat similar to our Jones-Munger law, has held that a tax sale for a given year does not preclude the State from later selling for the delinquent taxes of a previous year. [Board of Commrs. v. Conners, 121 Kan. 105; 245 Pac. 1030.]

It is our view that the collector of the city of St. Louis was within his rights in refusing to deliver the deeds until the relators paid to him all prior unpaid general taxes which were still a lien upon the real estate. Just what taxes are still a lien, we are unable

to determine from the record. Prior to the passage of the Jones-Munger Act, the tax lien expired unless suit was commenced within five years after delinquency. [Sec. 9961, R. S. Mo. 1929, now sec. 11165, R. S. 1939; Mo. Stat. Ann., p. 8006.] The filing of suit within the period of limitations preserved the lien and the judgment continued to be "a first lien upon said land." [Sec. 9956, R. S. 1929, Mo. Stat. Ann., p. 8000.] The continuance of the lien of such judgment is governed by the law applicable to other judgments. [Section 1270 et seq., Revised Statutes Missouri 1939; Mo. Stat. Ann., p. 1400 et seq.] The record in the instant cases shows that suits were filed for all the taxes within the five year period of limitations. These suits were filed prior to the enactment of the Jones-Munger Act and Section 11168, Revised Statutes Missouri 1939, Mo. Stat. Ann., p. 8006, provides that they may be prosecuted under the old law. [State ex rel. v. Gravel Co., 341 Mo. 1106, 111 S. W. (2d) 521.] In some instances it is not shown that judgments were rendered or that the suits ▮ were kept alive and, where judgments were obtained, it is not shown that the lien of such judgments has been preserved.

▮ However, as relators have not shown a clear legal right to the issuance of the writ, by showing that there is no existing lien for the prior taxes demanded by the collector, our alternative writs of mandamus heretofore issued must be and are hereby quashed. All concur.