JAMES RANDALL JOURNEY, Appellant, v. HOMER MILER and VIOLA FAYE MILER, His Wife, Respondents, No. 42678—250 S. W. (2d) 164.

Court en Banc, June 16, 1952.

*J. B. Journey* for appellant.

*Amos Wight* and *Ewing, Ewing & Ewing* for respondents.

HYDE, J.—Action to determine title to two lots in the City of Nevada. The judgment was that plaintiff had no title or interest in the land and plaintiff has appealed.

Plaintiff had a deed to the lots, which was a city collector's deed for lands sold for delinquent taxes at third sale. This deed was dated November 3, 1941, acknowledged November 17, 1941, and recorded **[165]** April 19, 1946. It recited that city taxes for 1934 to 1938 were returned delinquent in the name of John Harper and the lots recorded as delinquent in the office of the city collector. It recited a sale for these taxes in November 1939 at which no one bid the amount of these taxes. It then recited a second sale for these taxes, and the 1939 taxes, in November 1940 with like result. It then recited a third sale, for city taxes for 1934 to 1940, in November 1941, at which the lots were sold to plaintiff. He testified to some acts of ownership, by having them cleaned up and the weeds cut ''a time or two.'' Plaintiff also said he paid the taxes for 1946 and 1947 but when he attempted to pay them in 1948 he found they had been paid. Someone claiming under a county collector's sale had paid some of the previous taxes, at least those of 1942 and 1943.

Defendants had a warranty deed from J. F. Lang and Emma Lang, dated April 28, 1945 and recorded April 30, 1945. Lang and plaintiff paid the 1944 and 1945 taxes. There is nothing in the record before us to show how Lang got title but plaintiff says in his brief that John Harper was the common source of title and that Lang's title came through the county collector's sale, over which plaintiff claims priority. Neither defendants' deed nor abstract was offered in evidence although their attorney stated he intended to offer the abstract. When defendants recorded their deed, they moved into a house on adjoining land and took possession of the lots involved.

■ Apparently the trial court decided against plaintiff on the theory that he had no title because he failed to record his deed within four years from the date of the sale, relying on Section 140.410. (Statutory references are to RSMo 1949 and VAMS unless otherwise specified.) Defendants cite Bullock v. Peoples Bank of Holcomb, 351 Mo. 587, 173 S.W. (2d) 753, l.c. 758, 759, 760, and Shaw v. Armstrong, 361 Mo. 648, 235 S.W. (2d) 851, l.c. 857, 858, in support of this view. Section 140.410 is as follows: "In all cases where lands have been or may hereafter be sold for delinquent taxes, penalty, interest and costs *and a certificate of purchase has been or may hereafter be issued* it is hereby made the duty of such purchaser, his heirs or assigns, to cause a deed to be executed and placed on record in the proper county within four years from the date of said sale; provided, that on failure of said purchaser, his heirs or assigns so to do, then and in that case the amount due such purchaser shall cease to be a lien on said lands so purchased as herein provided." (Our italics.) The apparent purpose of this statute is to require the holder of a certificate of purchase to obtain a deed within the specified period or lose his right to either a deed or reimbursement and thus settle the title, which otherwise remains indefinite during that period. (See State ex rel. Baumann v. Marburger, 353 Mo. 187, 182 S.W. (2d) 163.)

However, the sale in the Bullock case was in 1935 under the original Jones-Munger Act before it was amended in 1939. (See Laws 1933, p. 425; Laws 1939, p. 850.) At that time, a purchaser at a third sale acquired the same interest as purchasers at other sales; that is, he got a certificate of purchase, not a deed, and the owner had the same right of redemption as on previous sales. (Sec. 9953a, Laws 1933, p. 432; see also State ex rel. McGhee v. Baumann, 349 Mo. 232, 160 S.W. (2d) 697.) Of course, Section 140.410 was applicable to all sales before the 1939 amendment, as were also Sections 140.420 and 140.440, on the right of a certificate holder to obtain a deed, as stated in the Baumann case. Section 140.410 very clearly applies only where a certificate of purchase is issued, which can now only be on a first or second sale. After the 1939 amendment, it could not apply to a third sale because this statute, now Section 140.250, has since provided, as to a third sale: "No certificate of purchase shall issue as to such sales but the purchaser at such sales shall be entitled to the immediate issuance and delivery of a collector's deed." It is further provided: "There shall be no period of redemption from such sales."

In Shaw v. Armstrong, supra, the effect of this change in the applicable statutes was apparently overlooked. There, on the authority of the Bullock case, Section 140.410 was held applicable in the case of a third [166] sale made November 8, 1943. In the Shaw case, the sale was properly set aside because of inadequacy of the consideration but its holding that Section 140.410 is now applicable to a third sale

must be overruled. Since the third sale under which plaintiff claims was after the 1939 amendment, we must hold that plaintiff's third sale tax deed is not invalid for failure to record it within four years from the date of the sale.

Defendants make the further contention that plaintiff's deed is not valid as to them because of Section 442.400 which provides that a conveyance shall not be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record. There is no evidence that defendants had any knowledge of plaintiff's deed before they purchased the property and put their deed on record in April 1945. Plaintiff contends that a collector's deed on a third tax sale prevails over a conveyance from the former record owner because it conveys in foreclosure of a tax lien which is shown by public records and, therefore, gives defendants constructive notice. They cite Fleckenstein v. Baxter, 114 Mo. 493, 21 S.W. 852, in which this Court held that an unrecorded sheriff's deed based on a judgment for back taxes prevailed over a previous recorded deed from the record owner. At that time, the lien for taxes was enforced by suit and sale under judgment. This Court said: "The unpaid taxes constituted a lien on the land, and this lien was prior and paramount to all other liens. It was created and disclosed by public records, and the plaintiff purchased with notice of it and of the judgment enforcing it. This tax lien was not merged into a judgment lien so as to expire in three years as in case of a general judgment. Boyd v. Ellis, 107 Mo. 394. The plaintiff purchased with notice of the tax lien and the special judgment enforcing it, and he was bound to go further and see whether that judgment had been satisfied, and this inquiry would have disclosed the execution sale. He, therefore, took with notice of that sale and is bound thereby. As between him and those holding under the sheriff's deed, he had notice of the sheriff's sale. Had the sheriff failed to execute the deed until after the plaintiff purchased, still the deed when executed would relate back at least to the date of the judgment, and thus cut out plaintiff." (See also Griffin v. Franklin, 224 Mo. 667, 123 S.W. 1092; Smith v. Vickery, 235 Mo. 413, 138 S.W. 502; Norman's Land & Mfg. Co. v. Hunter, 270 Mo. 62, 193 S.W. 19.) In the Fleckenstein and other cited cases, it should be noted that there were not only the tax records in the collector's office to give notice, but also circuit court judgments.

We held in State ex rel. Steed v. Nolte, 345 Mo. 1103, 138 S.W. (2d) 1016, that the methods for collection of delinquent taxes provided by the Jones-Munger Act were applicable to cities. That decision applied to cities of the fourth class but the development of city tax legislation generally was thoroughly discussed. Nevada is a city of the third class. (See City of Nevada v. Welty, 356 Mo. 734, 203 S.W. (2d) 459.) As to third class cities, Section 94.150 provides

(as in the case of fourth class cities considered in the Nolte case) that enforcement of taxes "shall be made in the same manner and under the same rules and regulations as are or may be provided * * * for the collection and enforcement of the payment of state and county taxes." Section 94.160 makes taxes on real property "a perpetual lien thereon." Section 94.170 provides that the city council shall require the collector to make out lists of delinquent taxes and provides other requirements for the council and collector, including collection "(in the same) manner provided by law for the collection of delinquent lists of real and personal taxes for state and county purposes." The city has, no doubt, supplemented this authority by ordinance. There is nothing in the transcript before us to show what ordinances have been adopted, what public records are kept or what any public records of the city show as to delinquent real estate taxes or as to tax sales made by the city collector. We are, therefore, unable to determine whether or not the principle of the Fleckenstein case could be applicable here. Under the circumstances, we should also give defendants an opportunity to prove their title. (See Griffin v. Franklin, [167] supra, 224 Mo., l.c. 684.) This is a case in which it appears that most of the facts could be settled by agreement at a pretrial conference.

The judgment is reversed and the cause remanded. All concur.