Joe RIDDELL, Respondent,

v.

Steve & Diane BELL, Appellants.

No. WD 68920.

Missouri Court of Appeals,
Western District.

Sept. 16, 2008.

---

Steven Douglas Wolcott, Esq., Liberty, MO, for appellant.

George Edwin Proctor, Jr., Esq., Liberty, MO, for respondent.

Before JOSEPH M. ELLIS, P.J., JAMES E. WELSH and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Steve and Diane Bell appeal from the trial court's judgment awarding damages against the Bells and allowing remedial action on Joe Riddell's property. The Bells raise four points on appeal. They contend that the trial court erred in measuring damages based on the cost of repair; in awarding damages they claim were barred for Mr. Riddell's failure to mitigate his damages; in refusing their request to present additional evidence; and in refusing to grant their request for remittitur. The judgment of the trial court is affirmed.

## Facts

The Bells and Joe Riddell own adjoining properties located in DeKalb County, Missouri. In March 2007, Mr. Riddell filed a petition seeking an injunction and damages for property damage resulting from the Bells' construction work. Specifically, Mr. Riddell claimed the Bells' excavation and related new home construction had diverted the land's natural water drainage such that excess water was diverted onto his property. He sought money damages and an order directing the Bells to correct the problem.

The non-jury trial in this cause was held on June 20, 2007, in the Associate Circuit Court of DeKalb County. Mr. Riddell was represented by counsel, but the Bells elected to proceed pro se. Mr. Riddell introduced evidence that, beginning with the Bells' construction of a new residence in summer 2004, drainage from the Bells' property had resulted in water accumulation on his property. Mr. Riddell further testified that the excess water accumulation caused damage to the foundation of his home.

The trial court found that the Bells had caused damage to Mr. Riddell's property by unreasonably obstructing the course of water drainage onto the property. The court subsequently entered its judgment awarding damages of $555.00 for the cost of the remedial action of excavation and grading between the properties. The court assessed additional damages based on a finding that the Bells' actions caused damage to Mr. Riddell's house and foundation in the amount of $22,038.00. The Bells appealed.

## Analysis

■ In their first point on appeal, the Bells challenge the measure of damages employed by the trial court in entering its award. They contend that the trial court

used an improper measure of damages when it assessed damages based on the cost of repair and restoration instead of the diminution in fair market value of the property.

■ We review the Bells' point for plain error because the Bells made no specific objection during trial. *See Hensic v. Afshari Enters., Inc.*, 599 S.W.2d 522, 525 (Mo.App. E.D.1980). A party's failure to object to testimony, evidence, or argument preserves nothing for appellate review. *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo. banc 1993). However, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c).

■ Plain error review involves a two-step process. "First, the reviewing court must determine whether the trial court actually committed evident, obvious and clear error that affected substantial rights." *Cohen v. Express Fin. Servs., Inc.*, 145 S.W.3d 857, 864 (Mo.App. W.D. 2004). Second, "the court must determine whether the evident, obvious, and clear error found resulted in manifest injustice or a miscarriage of justice." *Id.* at 865.

■ In general, the measure of damages for tortious damage to real property is the diminution in value. *See White v. Marshall*, 83 S.W.3d 57, 62 (Mo.App. W.D. 2002). However, this court has recognized that the cost of repairs or restoration "is competent evidence to be considered in determining the damage suffered." *Tull v. Hous. Auth.*, 691 S.W.2d 940, 943 (Mo. App. W.D.1985); *see also White*, 83 S.W.3d at 62 (the cost of repair is a valid measure " 'when the cost of repairs is small in relationship to the property as a whole and is easily ascertained' "). Further, "the

particular facts of each case determine which measure of damages is to be used." *McLane v. Wal–Mart Stores, Inc.*, 10 S.W.3d 602, 606 (Mo.App. E.D.2000).

We do not find that the trial court's award of damages to Mr. Riddell based on the cost of repair, restoration, and remedial action was manifestly unjust. In his petition for damages, Mr. Riddell sought "costs incurred and expended" as a result of the Bells' damage to his property. At trial, Mr. Riddell presented the testimony of Larry Graham, Jerry Bestgen, and Alan Russell in support of the claimed costs of repair, restoration, and remedial action. Mr. Graham, a professional engineer, testified that the Bells' construction work in building their home caused a difference in grade between the two residences, thereby altering the original drainage flow of surface water. Mr. Bestgen, the owner of an excavating business, testified that improving the drainage ditch would alleviate the drainage problem between the properties. Finally, Mr. Russell, the owner of a construction company, stated that it would cost approximately $22,000 to make all of the necessary repairs to Mr. Riddell's house and property caused by the excavation and construction work done for the Bells' home.

The Bells did not object at trial, and, furthermore, although having the opportunity to do so, the Bells themselves did not present any evidence of diminution in value. Thus, they cannot now claim that the trial court's award of damages based on cost of repairs was in error because there was no evidence of diminution of value. *See White*, 83 S.W.3d at 62–63. Accordingly, the trial court's consideration of the cost of restoration, and its additional judgment awarding damages, was properly based on competent evidence. *See Tull*, 691 S.W.2d at 943. Point denied.

■ In their second point, the Bells claim the trial court erred in awarding damages because of Mr. Riddell's failure to mitigate his damages.

■ We will affirm the trial court's award of damages "unless it is not supported by the evidence, is against the weight of the evidence, or it is based upon an erroneous application of the law." *Williams v. Williams,* 99 S.W.3d 552, 557 (Mo.App. W.D.2003). We accord great weight to the trial court's findings on actual damages, which we will not disturb "unless the damages awarded are clearly wrong, could not have been reasonably determined, or were excessive." *Id.*

■ "The failure to mitigate damages is an affirmative defense." *State v. Polley,* 2 S.W.3d 887, 892 (Mo.App. W.D.1999). Pursuant to Rule 55.08, any affirmative defense must be set forth in defendant's Answer to plaintiff's Petition. *Damon Pursell Constr. Co. v. Mo. Highway & Transp. Comm'n,* 192 S.W.3d 461, 475 (Mo.App. W.D.2006). Failure to include it in an answer waives the defense. *Id.* In the present case, because the affirmative defense was not raised in an answer, the claim was not preserved for appellate review. *See, e.g., City of Peculiar v. Effertz Bros., Inc.,* 254 S.W.3d 51, 59–60 (Mo.App. W.D.2008). Review for plain error under Rule 84.13(c), *see supra,* likewise reveals no manifest injustice or miscarriage of justice.

The Bells specifically raised the issue of mitigation of damages for the first time in their argument on appeal. Although at trial Mr. Bell questioned Mr. Riddell re-

garding what "measures [Mr. Riddell] had taken to abate the situation," if the Bells wished to assert as an affirmative defense that Mr. Riddell failed to mitigate his damages, the issue must have been raised in their pleadings.[1] The Bells did not file an Answer in this case. Therefore, although the Bells' brief includes lengthy discussion of mitigation of damages, without having pled the affirmative defense, the defense is waived. Point denied.

■ In their third point, the Bells contend that the trial court erred in refusing to permit them to testify during summation, after the close of the evidence. The Bells argue that because they proceeded pro se, fundamental fairness required the court to allow them to reopen the evidence in the case.

■ Pro se litigants are "bound by the same rules of procedure as those admitted to practice law" and are "entitled to no indulgence [they] would not have received if represented by counsel." *Picerno v. Nichols–Fox,* 205 S.W.3d 883, 887 (Mo. App. W.D.2006)(internal quotation marks and citation omitted). This tenet is not for "lack of sympathy," but is mandated by "requirements of judicial impartiality, judicial economy, and fairness to all parties." *See Grafton v. City of Plattsburg,* 167 S.W.3d 731, 733 (Mo.App. W.D.2005).

The record does not support the Bells' claim that the trial court "refused" to allow them to present testimony. To the contrary, and as Mr. Riddell points out, the Bells had ample opportunity to present their evidence. At trial, the Bells present-

---

1. During oral argument, counsel for the Bells seemed to argue that the issue of mitigation of damages, although not raised by the pleadings, was "tried by implied consent of the parties." *See* Rule 55.33(b), which provides for the amendment of pleadings to conform to evidence at trial. However, even if the trial court was inclined to allow the amendment, the Bells failed to make a motion to the court to conform the pleadings to the evidence. Therefore, the issue is not preserved for our review. *See Rombach v. Rombach,* 867 S.W.2d 500, 503–04 (Mo. banc 1993).

ed evidence by calling three witnesses to testify and by offering several photographs. After the Bells' presentation of such evidence, the court asked Mr. Bell directly, "Do you have any further evidence you wish to produce?" to which Mr. Bell responded, "No." After this exchange, following closing argument by Mr. Riddell's counsel, Mr. Bell essentially asked the court to reopen the evidence when he requested to present "one last piece of material." The court properly sustained an objection by counsel for Riddell.

 The trial court has discretion to reopen a case to permit introduction of additional evidence. *Call v. Heard*, 925 S.W.2d 840, 854 (Mo. banc 1996). The trial court's refusal to reopen a case will be reversed only where it is abuse of discretion. *Mo. Highway & Transp. Comm'n v. Rockhill Dev. Corp.*, 865 S.W.2d 765, 770 (Mo.App. W.D.1993). An abuse of discretion exists where refusal to permit introduction of material evidence, "which might substantially affect the merits of the case ... would not inconvenience the court or unfairly advantage one of the parties." *Id.*

Because the court may not afford the Bells any extra indulgences, the trial court's denial of Mr. Bell's request to present additional evidence after the close of evidence was not an abuse of discretion. *See Picerno*, 205 S.W.3d at 887. Further, because they made no offer of proof, the Bells have not demonstrated that, had some evidence been admitted, the evidence would have substantially affected the merits of their case. *See Rockhill Dev. Corp.*, 865 S.W.2d at 770. Point denied.

In their fourth point, the Bells contend that the trial court erred in denying the Bells' request for remittitur. Pursuant to section 537.068, RSMo 2000, the trial court has discretion to enter a remittitur order if, "after reviewing the evidence in support of the *jury's verdict*, the court finds that the *jury's verdict* is excessive because the amount of the *verdict* exceeds fair and reasonable compensation for plaintiff's injuries and damages." (Emphasis added.) Plainly, section 537.068 exclusively references a *jury's* award of damages. The Bells cite no cases, nor are we familiar with any, applying remittitur by a trial judge to the award of damages in a judge-tried case. Point denied.

The trial court's judgment is affirmed.

All concur.