**David M. HAMES, Appellant,**

v.

**Robert T. BELLISTRI and Michael McGirl, Respondents.**

**No. ED 91499.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 21, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 2009.

Case Transferred to Supreme Court Oct. 6, 2009.

Case Retransferred to Court of Appeals Jan. 26, 2010.

Original Opinion Reinstated Jan. 29, 2010.

---

David Hames, Taylorville, IL, pro se.

John Rupp, Potosi, MO, Phillip Gebhardt, Desoto, MO, for respondents.

NANNETTE A. BAKER, Presiding Judge.

### Introduction

The appellant, David M. Hames, appeals from a Washington County Circuit Court judgment quieting title to real estate in favor of Respondent Robert Bellistri, and extinguishing Hames' rights to the property. On appeal, Hames raises seven points of error; in Point VI, Hames alleges the notice of redemption Bellistri sent was inadequate. Because Bellistri failed to correctly state the redemption period, he failed to comply with section 140.405 RSMo (Supp.2003) [1] and has lost his interest in the property. Therefore, we reverse and remand.

### Background

In 1998, Hames purchased property, described as "all of parcel 19, Sector II, Lake Forest Farms Subdivision, as shown on a plat thereof recorded in Plat Book 11 at page 1 of the Land records of Washington County, Missouri" (the property). The property tax for each year was as follows: $41.93 for 1998, $38.56 for 1999 and $33.96 for 2000. On December 8, 2000, Hames' attorney sent the Collector of Revenue a check for $69.82. Assuming Hames' account was credited, he still owed $44.63 in back taxes as of January 1, 2001. Hames' unpaid tax bill for 2001 was $29.36. As of January 1, 2002, Hames owed $73.99 in delinquent taxes.

Michael McGirl, County Collector of Washington County and Respondent, published notice to sell the property for delinquent taxes, and on the fourth Monday in August, 2002, he offered the property at a delinquent tax sale. Bellistri, the high bidder, purchased the property for $2,600.00, and was issued a certificate of purchase which misspelled Hames' name as "David M. Homes."

On May 17, 2004 Bellistri sent certified mail a notice of redemption to "*David M. Homes*," 4645 Adkins Avenue, St. Louis, MO 63116, which stated:

> According to State law, I am required to notify any person(s) who holds a publicly recorded Deed of Trust, Mortgage, lease, Lien or Claim upon referenced real estate of your right to redeem your security of claim [sic].
>
> To redeem your security of claim[sic], contact Michael P. McGirl, Collector of Revenue, Washington County, Missouri with [sic] 90 days from the date of receipt of this letter.
>
> Failure to redeem said real estate will forfeit your rights to said property and a Collector's Deed will be issued to me.

The letter was returned to Bellistri unclaimed. On August 26, 2004, Bellistri was issued a Collector's Deed, which again misspelled Hames' name as "David M. Homes."

In the first count of Hames' petition, he sought to set aside the tax sale and collector's deed, and declare Hames the fee simple owner of the property. In his second count and in the alternative, Hames sought the surplus from the tax sale. Bellistri filed a counter-claim against Hames, seeking to quiet title and to eject Hames from the property. Bellistri filed for summary judgment, arguing that the misspelling of Hames' name does not invalidate the collector's deed. The trial court granted Bellistri's motion on December 26, 2007. McGirl also filed for summary judgment

---

1. All statutory references are to RSMo (Supp. 2003), unless otherwise noted.

which the trial court heard and sustained on February 25, 2008. Hames, acting pro se, then filed his motion of summary judgment, arguing for the first time that the redemption notice was deficient because it failed to set forth the correct redemption period. On May 19, 2008, the trial court entered its order granting McGirl summary judgment, but also awarded Hames the surplus of the tax sale. Hames now appeals pro se.

### Standard of Review

Whether a motion for summary judgment should be granted is a question of law and our review is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* at 376.

### Discussion

Hames raises seven points on appeal. Point VI is dispositive, and therefore, we need not address the remaining points. In Point VI, Hames argues that summary judgment in Bellistri's favor was improper because Bellistri incorrectly stated the redemption period in the notice of redemption, and therefore, he failed to comply with section 140.405 of the Jones–Munger Act. Bellistri correctly asserts that this argument was not properly preserved for appellate review because Hames failed to raise it in his response to Bellistri's motion for summary judgment. *National Heri-*

*tage Life Ins. Co. v. Frame,* 41 S.W.3d 544, 550 (Mo.App. E.D.2001).

■ Justice requires us to pass upon this question, for in this case Hames may be denied his rights to property without due process of law. See *Shaw v. Armstrong,* 361 Mo. 648, 235 S.W.2d 851, 858–59 (1951)(overruled on other grounds by *Journey v. Miler,* 363 Mo. 163, 250 S.W.2d 164 (1952)). Therefore, we will exercise our discretion to review the claim for plain error pursuant to Rule 84.13(c), which states: "Plain errors effecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." We must first determine whether "the trial court actually committed evident, obvious and clear error that affected substantial rights." *Riddell v. Bell,* 262 S.W.3d 301, 304 (Mo.App. W.D. 2008). Next, we must determine "whether evident, obvious, and clear error found resulted in manifest injustice or a miscarriage of justice." *Id.*

■ Generally, a collector's deed is prima facie evidence "of a good and valid title in fee simple." Section 140.460. This does not prevent one from presenting evidence at variance with the title. *Harrison v. Anglin,* 973 S.W.2d 924, 926 (Mo.App. S.D.1998). If the purchaser fails to comply with the notice requirements in section 140.405, he or she will lose all interest in the real estate. *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273, 277 (Mo.App. E.D.2006). Section 140.405 states that a purchaser at a delinquent tax sale must send notice of the right to redeem the property by certified mail to "the publicly recorded owner of the property" at such person's last known address. See *Valli,* 204 S.W.3d. at 276. This court in *Valli* set forth the distinct and mandatory notice requirements:

First, this Section identifies who must be notified, that is, "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate" in question, "including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale." Second, this Section provides for how notice is to be provided, that is, "by certified mail ... at such person's last known available address." Third, this Section provides when notice must be sent, that is, "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed." Finally, this Section identifies what such persons are entitled to be notified of, that is, of their right to "redeem said property."

204 S.W.3d at 276. The notice of the right to redeem must include the correct time in which to redeem the property. See *Valli*, 204 S.W.3d at 277; *Glasgow Enterprises, Inc., v. Brooks*, 234 S.W.3d 407, 411 (Mo. App. E.D.2007). The failure to correctly state the redemption period results in the purchaser losing all rights to the property. *Id.*

The redemption period for a first or second offering tax sale is different from a third offering sale. See *Keylien Corporation v. Johnson*, 284 S.W.3d 606 (Mo.App. E.D.2009). Under the statute in effect in 2002,[2] an owner whose property is sold at a first or second offering may redeem at any time within two years from the date of sale. Section 140.340 RSMo (Supp.2002). In *Keylien*, the court stated the correct redemption period for first or second offering sales: "Therefore, for a notice in a first or second offering tax sale to accurately inform the recipient of the right to redeem, the notice must indicate that the recipient has [two years] from the date of the tax sale to redeem." *Keylien*, 284 S.W.3d at 613. When the tax sale is a third offering, the owner has 90 days to redeem after the purchaser has sent the county collector an affidavit that the proper notice has been given. Section 140.405.

■ In the present case, the record reflects that the property was sold on August 26, 2002, at a second offering tax sale. Accordingly, Hames had until August 26, 2004 to redeem the property. The letter that Bellistri sent on May 17, 2004, however, stated:

To redeem your security of claim [sic], contact Michael P. McGirl, Collector of Revenue, Washington County, Missouri with [sic] 90 days from the date of receipt of this letter.

Bellistri's letter stated the incorrect redemption period because it contained the 90–day redemption period language, but the property was not sold at a third offering tax sale. Third offering sales, not first and second offering tax sales, have a 90–day redemption period which is triggered by sending an affidavit to the county collector. When this 90–day language is used for first or second offering tax sale notices, the notice is inaccurate and misleading. Instead, the letter should have explained that the statutory redemption period expired two years from the date of sale.

■ The trial court committed an evident, obvious and clear error when it entered final judgment in Bellistri's favor. While Hames' argument before the trial court was not timely, he did inform the trial court of the inadequate notice before the final judgment was entered. Further, Bellistri is not entitled to summary judgment as a matter of law because under

---

**2.** Section 140.340 has since been amended, and the redemption period for first and second offering sales is now one year.

*Valli* and section 140.405, he has failed to comply with the mandatory notice requirements and has lost all interest in the property.

■■ Having determined that the trial court made a clear error,[3] we must now determine whether the error resulted in manifest injustice or a miscarriage of justice. *Riddell*, 262 S.W.3d at 304. "For there to be manifest injustice or a miscarriage of justice, the error in question must be decisive in the outcome of the proceeding." *Wilson ex rel. Wilson v. Simmons*, 103 S.W.3d 211, 220 (Mo.App. W.D.2003). Here, the error is outcome determinative because Bellistri's failure to comply with the mandatory notice requirements results in the loss of his interest in the property. Further, the taking of the property for back taxes without giving Hames proper notice results in a miscarriage of justice. Section 140.405 exists to protect the due process rights of those with substantive interest in property. See *M & P Enterprises, Inc. v. Transamerica Financial Services*, 944 S.W.2d 154 (Mo. banc 1997). Under the circumstances of this case, manifest injustice resulted because Hames' property was taken without sufficient notice.

Point VI is granted. We reverse the trial court's grant of summary judgment to Respondents and its award to Hames of the $2374.69 surplus. This cause is remanded with directions that judgment be entered in favor of Hames. In addition, the trial court is directed to determine the amount due to Bellistri for the taxes and interest paid on the property.

### Conclusion

For the reasons stated, we find that the trial court plainly erred in granting the respondents' motion for summary judgment, requiring us to reverse and remand with instructions. Rule 84.13(c).

PATRICIA L. COHEN and KURT S. ODENWALD, JJ., concur.

---

3. We also note the recent Missouri Supreme Court decision in *Schlereth v. Hardy*, 280 S.W.3d 47 (Mo. banc 2009). In this case, the court stated that when the notice of redemption sent certified mail is returned unclaimed, due process requires that the purchaser make further efforts to provide reasonable notice. *Id.* While certified mail is reasonably calculated to provide notice, returned certified mail is not. *Id.* The Missouri Supreme Court based its decision in *Schlereth* on the United States Supreme Court case, *Jones v. Flowers*, 547 U.S. 220, 225–26, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). The Court in *Jones* compared the failure to follow up when the certified letter was returned unclaimed to the sender watching the post man dropping letters down the storm drain and taking no further action. *Jones*, 547 U.S. at 229–230, 126 S.Ct. 1708. The Court concluded that someone desirous of sending notice would take further reasonable steps if any were available. *Id.* at 230, 126 S.Ct. 1708. The failure to take further action when the notice is returned unclaimed results in the purchaser's loss of all interest in the real estate. See *Schlereth*, 280 S.W.3d at 53. In this case, neither party disputes that Bellistri's notice of redemption sent certified mail was returned unclaimed. The record also reflects that Bellistri failed to take any other actions to provide notice to Hames. The Missouri Supreme Court decided *Schlereth* on March 31, 2009, after the parties had submitted their briefs on appeal. This ruling announced a substantive change in the law in Missouri; generally, such intervening judicial decisions are given retroactive application. See *Hummel v. St. Charles City R–3 School Dist.*, 114 S.W.3d 282, 283–84 (Mo.App. E.D.2003). In certain circumstances, however, decisions will be applied prospectively only. *Id.* In this case, though, we need not make such a determination because independent grounds require reversal.